Hurley F. **RICHARD**, Plaintiff–Appellant,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health & Human Services, Defendant–Appellee.

Paul **LEGER**, Plaintiff–Appellant,

v.

Louis W. **SULLIVAN**, M.D., Secretary of Health & Human Services, Defendant–Appellee.

Nos. 90–4597, 90–4604
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 10, 1992.

Lonnie R. Smith, Southwest Louisiana Legal Services Society, Lake Charles, La., for plaintiff-appellant.

Christopher Carillo, Rodney A. Johnson, Asst. Regional Counsel, Karen J. Sharp, Principal Regional Counsel, Dept. of Health & Human Services, Dallas, Tex., for defendant-appellee in 90–4597.

Joseph S. Cage, Jr., U.S. Atty., Shreveport, La., Christopher Carillo, Rodney A. Johnson, Asst. Regional Counsel, Karen J. Sharp, Principal Regional Counsel, Dept. of Health & Human Services, Dallas, Tex., for defendant-appellee in 90–4604.

ON REMAND FROM THE SUPREME
COURT OF THE UNITED
STATES

Before POLITZ, Chief Judge, DAVIS and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

This matter was remanded to us by the Supreme Court, —— U.S. ——, 112 S.Ct. 40, 116 L.Ed.2d 19 (1991), for reconsideration in light of *Melkonyan v. Sullivan*, 501 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). Applying the holdings of *Melkonyan* to these two cases, previously consolidated for appeal, we affirm the district court's decision as to Paul Leger and reverse that as to Hurley F. Richard.

*Background*

Leger unsuccessfully sought Title II and Title XVI disability benefits and petitioned under 42 U.S.C. § 405(g) for judicial review of the administrative rejection of his claims. The district court upheld the Secretary's decision and Leger appealed.

Pending appeal the Secretary and Leger filed a joint stipulation voluntarily dismissing the appeal pursuant to Fed.R.App.P. 42 and returning the matter to the Secretary for further administrative proceedings. In those proceedings Leger's claims were granted in full.

Leger moved to reopen the proceedings in district court, seeking a summary judgment confirming the administrative award. The obvious purpose of such a decree was to set the predicate for a timely request for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The matter was referred to a magistrate judge who recommended that the motion be denied on the grounds that the court had no authority to render a judgment confirming a favorable post-remand administrative decision. The magistrate judge found persuasive the Ninth Circuit's reasoning in *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir.1990),[1] that a claimant may seek judicial review only of an unfavorable administrative decision. Adopting the magistrate judge's recommendations, the district court dismissed Leger's action.

Similarly, Richard unsuccessfully sought disability benefits and petitioned for judicial review of his favorable administrative decision. Following the Secretary's answer, Richard filed for summary judgment. The Secretary responded by requesting that the case be remanded to the Appeals Council of the Department of Health and Human Services for reconsideration in light of new and material evidence. While suggesting good cause for remand, the Secretary maintained that an outright reversal was inappropriate. Although Richard vigorously opposed the Secretary's remand request, insisting that the evidence of record established benefit entitlement, the magistrate judge ruled in favor of the Secretary and remanded the case for further administrative action.[2] In those proceedings Richard prevailed and was awarded benefits.

Richard then petitioned to reopen the case in district court seeking an order requiring the Secretary to comply with the language of section 405(g) which directs the Secretary to report back to the court after a remand for further administrative proceedings and requesting an entry of summary judgment in his favor awarding both Title II and Title XVI disability benefits. Again, the purpose of the requested judgment was to set the predicate for a timely request for attorney's fees under the EAJA. The matter was referred to a magistrate judge who recommended denial of the motion because Richard had been successful in his administrative action and thus had no basis for seeking judicial review. The district court adopted this recommendation.

*Analysis*

The catalyst underlying these appeals is the understandable quest for attorney's fees. The EAJA provides that in a civil action against the United States a prevailing party is entitled, in certain circumstances, to an award of attorney's fees and expenses. 28 U.S.C. § 2412. As a predicate to securing such an award the EAJA dictates that the prevailing party must file a fee application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

As recently determined by the Supreme Court in *Melkonyan*, a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) refers to a judgment "entered *by a court of law*, and does not encompass decisions rendered by an administrative agency." *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2162, 115 L.Ed.2d at 91 (emphasis in original). Accordingly, the favorable post-remand administrative decisions made in the present case are not "final judgments" for purposes of the EAJA. Appellants contend, therefore, that they are entitled to return to district court for entry of a final judgment. As the

1. *Melkonyan v. Heckler*, 895 F.2d 556 (9th Cir. 1990), *vacated and remanded sub nom., Melkonyan v. Sullivan*, 501 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991).

2. Richard filed an objection to the magistrate judge's order. Although the objection was considered, it was subsequently overruled by the district court.

Court explained in *Melkonyan*, whether either appellant is entitled to do so "depends on what kind of remand the District Court contemplated" when remanding to the Secretary. 501 U.S. at ——, 111 S.Ct. at 2163, 115 L.Ed.2d at 91.

Leger and Richard initially filed their civil actions in the district court under 42 U.S.C. § 405(g). Under section 405(g) a claimant may secure judicial review of an adverse decision by the Secretary. The district court, in reviewing such decision, has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary." 42 U.S.C. § 405(g). Should the district court decide to remand the case to the Secretary, "the District Court's remand authority is confined to those circumstances specifically defined in § 405(g)." *Id.* at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94. Section 405(g) permits "two alternative ways in which the matter can be remanded: a so-called 'fourth sentence remand' or a so-called 'sixth sentence remand.'" *Luna v. United States Dept. of Health and Human Services*, 948 F.2d 169, 170 (5th Cir.1991) (footnotes omitted). These are "the *only* kinds of remands permitted under the statute." *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 93 (emphasis in original).

Under a fourth sentence remand [3] "the district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision." *Id.* In a fourth sentence remand case, the dis-

trict court's remand order is a "'final judgment' for purposes of the EAJA." *Luna*, 948 F.2d at 172. Under a sixth sentence remand [4] "the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision," but only if there is a showing of good cause for the failure to incorporate such evidence in the prior proceeding.[5] *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2164, 115 L.Ed.2d at 93. In a sixth sentence remand case the district court's remand order is not a "final judgment" for purposes of the EAJA. Instead, when the post-remand proceedings are complete the Secretary returns to the district court and the court enters a "final judgment," thus, triggering the EAJA filing period. *Id.* at ——, 111 S.Ct. at 2165, 115 L.Ed.2d at 94.

Because the remand orders in the present case did not accompany a final judgment "affirming, modifying, or reversing" the administrative decision, they cannot be deemed fourth sentence remands. Consequently, we are left to determine whether the remands meet the requirements of the sixth sentence.

As is apparent from the record, the remand in Leger's case was not a sixth sentence remand and therefore the Secretary need not return to the district court for an entry of final judgment. The Secretary and Leger filed a joint stipulation voluntarily dismissing the appeal and returning the matter to the Secretary for further consideration. This voluntary dismissal effectively terminated the district

---

3. The fourth sentence of section 405(g) provides:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

4. The sixth sentence of section 405(g) provides:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secre-

tary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

5. The sixth sentence "also authorizes the District Court to remand on motion by the Secretary made before the Secretary has filed a response in the action." *Melkonyan*, 501 U.S. at ——, n. 2, 111 S.Ct. at 2164, 115 L.Ed.2d at 93. This subcategory of the sixth sentence is not implicated in the present case.

court's jurisdiction over the case. *Id.* at
——, 111 S.Ct. at 2165, 115 L.Ed.2d at 95.
As such, Leger is not a prevailing party "in
[a] civil action" and is not eligible to receive
EAJA fees. *Id.* (citing 28 U.S.C.
§ 2412(d)(1)(A)). The district court was
correct in rejecting his plea for entry of
judgment.

On the other hand, the record does
reflect that the remand in Richard's case
was a sixth sentence remand. When the
Secretary petitioned the court for a remand
he did so conceding that there was good
cause for remand and new material evidence to consider. Although Richard
forcefully objected to this motion, both the
magistrate judge and the district court
judge ruled in the Secretary's favor, remanding the case for further administrative action. Since the district court remanded the case under the sixth sentence,
"the Secretary must return to District
Court, at which time the court will enter a
final judgment." *Id.* at ——, 111 S.Ct. at
2165, 115 L.Ed.2d at 95. Following the
entry of the final judgment, and after the
appeal period runs, Richard may then apply
for EAJA fees according to the guidelines
established in 28 U.S.C. § 2412.

For the foregoing reasons, the judgment
of the district court is AFFIRMED as to
Leger. The judgment in Richard's case is
REVERSED and REMANDED for further
proceedings consistent herewith.