**Mitchell KALEEL, Plaintiff,**

v.

**Donna E. SHALALA, in her Official Capacity as Secretary of the United States Department of Health and Human Services, Defendant.**

**No. 92 Civ. 6334 (PNL).**

United States District Court, S.D. New York.

Sept. 21, 1993.

---

---

David Stroh Buckel, of counsel, Harlem Legal Services, Inc., New York City, for plaintiff.

Lorraine Novinski, Asst. U.S. Atty., New York City, for defendant.

## MEMORANDUM AND ORDER

LEVAL, District Judge.

This is a motion by plaintiff for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in a social security disability action, 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff Mitchell Kaleel sought review of the decision of the defendant Secretary of Health and Human Services refusing to review the dismissal of plaintiff's application for disability insurance benefits. The complaint alleged that although the Secretary had based the refusal on the untimeliness of plaintiff's appeal, the Secretary's agent at the local Social Security Office had in fact refused to accept the timely appeal from plaintiff and his social worker.

Following an extension of time for the Secretary to answer the complaint, the parties entered into a stipulation on December 22, 1992, that was "so ordered" by the court on January 13, 1993 and entered on January 15, 1993. This stipulation provided:

> It is hereby stipulated and agreed, by and between the attorneys for the plaintiff and the defendant, that this action is voluntarily dismissed.

> It is further agreed by the parties that once the instant action is dismissed by the Court, the Social Security Administration will provide plaintiff with a hearing on the merits of the applications filed on June 7, 1990.

Plaintiff then brought this motion for attorney's fees.

> The EAJA provides, in relevant part, that,

> a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings

for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action....

28 U.S.C. § 2412(d)(1)(A).

I believe that plaintiff should be considered the "prevailing party" and is therefore entitled to attorney's fees, for the stipulated settlement gave plaintiff exactly the relief he sought in his complaint.

The Secretary opposes this motion, contending that because plaintiff had stipulated to a voluntary dismissal of his case, he could not be a prevailing party.[1] The Secretary relies on dicta from the Supreme Court's opinion in *Melkonyan v. Sullivan,* — U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), which stated that if the district court's order in that case, although in the form of a remand, "was, in effect, a dismissal under Fed. Rule Civ.Proc. 41(a)," then the plaintiff would not be a prevailing party. 111 S.Ct. at 2165. Here, however, we have the reverse situation: the court's order, in the form of a stipulated dismissal, actually has the effect of a remand, for plaintiff agreed to the dismissal only on the condition that the Secretary give him the hearing he sought in this action. *Melkonyan* does not preclude plaintiff from being a prevailing party.[2]

Second, the Court's recent decision in *Shalala v. Schaefer,* — U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), held that a § 405(g) plaintiff who obtains a remand may be a "prevailing party" because such a remand "terminates the litigation with victory for the plaintiff." — U.S. at —— – ——, 113 S.Ct. at 2631–32. Hence, a plaintiff need not ultimately obtain benefits at the administrative level in order to be a "prevailing party." Again, plaintiff here obtained precisely what his complaint sought—a hearing on his benefits claim.

---

**1.** *Canales v. Sullivan,* 936 F.2d 755, 758–59 (2d Cir.1991), makes clear that, contrary to the Secretary's contention, there was jurisdiction for this action under § 405(g).

**2.** *But see Richard v. Sullivan,* 955 F.2d 354, 357 (5th Cir.1992) ("The Secretary and Leger filed a joint stipulation voluntarily dismissing the appeal

and returning the matter to the Secretary for further consideration. This voluntary dismissal effectively terminated the district court's jurisdiction over the case. As such, Leger is not a prevailing party 'in [a] civil action' and is not eligible to receive EAJA fees.") (citing *Melkonyan* ).

Finally, plaintiff's status as a prevailing party entitled to attorney's fees is supported by the Second Circuit's decisions concerning the EAJA, *see Green v. Bowen,* 877 F.2d 204, 206 (2d Cir.1989) (attorney's fees granted following stipulated dismissal of mandamus action to compel reconsideration of initial denial); *Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983) (" '[a] party may be deemed prevailing if he obtains a favorable settlement of his case' ") (quoting H.R.Rep. No. 96–1418, 96th Cong.2d Sess. 11 (1990), *reprinted in* 1980 U.S.Code Cong. & Admin.News 4953, 4984, 4990), and by the Supreme Court's delineation of "prevailing party" in the analogous context of attorney's fees under 42 U.S.C. § 1988, where the Court has looked to the practical effect of the outcome of litigation, rather than to its form, *see Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992) (to be prevailing party, civil rights plaintiff must obtain "at least some relief on the merits of his claim" either through a judgment or "comparable relief through a consent decree or settlement," so affecting the " 'behavior of the defendant toward the plaintiff' ") (citing cases).

The practical effect of the stipulation here was to make plaintiff a prevailing party entitled to attorney's fees. Under § 2412(d), he is entitled to attorney's fees. I have examined the affidavit submitted by plaintiff's counsel and have determined that plaintiff should receive an award in the amount of $4,000 for attorney's fees.

### Conclusion

Plaintiff's motion for attorney's fees is granted, and a fee of $4,000 is awarded to plaintiff.

SO ORDERED.