**Marjorie FRIZZELL,
Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, M.D., Secretary,
Department of Health & Human
Services, Defendant–Appellee.**

No. 90–8540.

United States Court of Appeals,
Fifth Circuit.

Aug. 5, 1991.

Bob Richardson, Austin, Tex., for plaintiff-appellant.

Jack B. Moynihan, Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., Joseph B. Liken, Sr. Lead Atty., Karen J. Sharp, Chief, SS Branch, DHHS, Office of Gen. Counsel, Dallas, Tex., for defendant-appellee.

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:

Frizzell appeals to our court claiming the district court erred in failing to reinstate her case seeking review of a claim for Social Security benefits. Finding the *Sullivan v. Finkelstein*, —— U.S. ——, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), construction of 42 U.S.C. § 405(g) controlling, we AFFIRM the lower court disposition.

Marjorie Frizzell applied for Social Security disability benefits on January 3, 1983. By decision of the Administrative Law Judge, her claim was denied on October 6, 1983. The Appeals Council affirmed the ALJ's decision, and on December 14, 1986 Frizzell filed suit in federal district court. The federal magistrate judge who reviewed Frizzell's claim recommended that the case be remanded to the Secretary for further reconsideration in light of the "slight abnormality" standard adopted by our court in *Stone v. Heckler,* 752 F.2d 1099, 1106 (5th Cir.1985). Adopting the magistrate judge's findings, the district court remanded the case on September 24, 1986.

A second ALJ hearing was held on May 19, 1987, and Frizzell's claim was again denied. The Appeals Council affirmed the ALJ. Frizzell then moved to reinstate her suit in the district court. The district court granted her motion but, on July 11, 1988, remanded Frizzell's case to the Secretary a second time for further development of the record concerning Frizzell's ability to do past relevant work.

A third ALJ hearing resulted in yet another unfavorable decision. Following review by the Appeals Council, Frizzell again sought to have her case reinstated in the district court. On July 17, 1990, however, the district court denied the motion. According to the court, it lacked jurisdiction to reinstate the case because when a cause is remanded to the Secretary "the case does not assume inactive status, but is effectively terminated at this court level." The court informed Frizzell that should she desire to pursue her claim in federal court she must initiate a new cause of action. The court did not explain why it permitted reinstatement after the first remand to the Secretary. Frizzell filed a timely appeal.

*First Things First: Jurisdiction*

First, we must determine whether we have jurisdiction to consider this case on appeal from the denial of Frizzell's motion to reinstate. The Secretary contends that the district court's order denying Frizzell's motion is not a final order and there-fore is not appealable under 28 U.S.C. § 1291. According to the Secretary, the order did not dispose of the litigation "on the merits," *Nagle v. Lee,* 807 F.2d 435, 438 (5th Cir.1987); it merely advised Frizzell of the necessity to file a new complaint in order to obtain post-remand judicial review.

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 199, 108 S.Ct. 1717, 1720, 100 L.Ed.2d 178 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633–34, 89 L.Ed. 911 (1945)). This court has held that the appealability of an order "normally depends on its effect, not merely its language as such." *Koke v. Phillips Petroleum Co.,* 730 F.2d 211, 216 (5th Cir.1984), *rev'd on other grounds, In re Air Crash Disaster Near New Orleans, La.,* 821 F.2d 1147, 1163 n. 3 (5th Cir.1987) (en banc). Section 1981's finality rule is to be given a "practical rather than a technical construction," *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 171, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974) (citation omitted); with the aim being to "avoid piecemeal trial and appellate litigation." *Newpark Shipbuilding & Repair, Inc. v. Roundtree,* 723 F.2d 399, 401 (5th Cir.), *cert. denied,* 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984).

We reject the Secretary's jurisdictional argument. The effect of the district court's order was to bring Frizzell's claim to an abrupt end. The order put Frizzell "out of federal court, leaving [her] no option to continue in that forum," *Koke,* 730 F.2d at 218; it was not "tentative, informal or incomplete." *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). The order did nothing more or less than dismiss Frizzell's claim for lack of jurisdiction. We regularly review such actions by lower federal courts. Our exercise of appellate jurisdiction over this case in no way conflicts with the "values and purposes of the finality rule." *Newpark,* 723 F.2d at 405.

*The remand/retained jurisdiction issue*

■ Frizzell contends the district court should have retained jurisdiction over her case when it remanded it to the Secretary for further proceedings, and thus the court erred by denying her motion to reinstate. The Secretary argues the remand order was a final judgment, which divested the district court of jurisdiction; therefore, the court properly refused to reinstate the case. Based on our reading of the relevant law, we agree with the Secretary.

Judicial review of administrative determinations of Social Security benefits is governed by 42 U.S.C. § 405(g), which provides in relevant part as follows:

[1][1] Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.... [4] The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.... [6] The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirm-

ing was based. [7] Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision. [8] The judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions....

Until recently, many federal courts and the Secretary assumed that district courts that remanded Social Security cases to the Secretary retained jurisdiction to review the Secretary's actions. *See Sullivan v. Hudson,* 490 U.S. 877, 882, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989); *Myers v. Sullivan,* 916 F.2d 659, 672–73 (11th Cir. 1990). The district court in this case retained jurisdiction after the first remand to the Secretary and later granted Frizzell's first motion for reinstatement. Recently, however, the Supreme Court has called into question the assumption that district courts retain jurisdiction to review the Secretary's determinations following remand. In *Sullivan v. Finkelstein,* —— U.S. ——, 110 S.Ct. 2658, 2664–66, 110 L.Ed.2d 563 (1990), the Court held a remand order is a final judgment for the purpose of establishing appellate jurisdiction over appeals by the Secretary, where the remand order invalidated a Social Security regulation. Although the *Finkelstein* court narrowly limited its holding, and expressly declined to comment on the finality and immediate appealability of remand orders in other circumstances, *id.* 110 S.Ct. at 2663 n. 3, the Court's analysis of § 405(g) lends strong support to the Secretary's contention that the district court properly divested itself of jurisdiction when it remanded Frizzell's case for the second time.

As noted in *Finkelstein,* the first sentence of § 405(g) provides an individual denied benefits by a final decision of the Secretary, may obtain judicial review of that decision by filing "a civil action" in federal district court. Emphasizing the statute's use of the term "a civil action", the Court concluded this sentence means

---

**1.** The numbers inserted into the statute correspond to the number of the sentence as found in the statute. For example, [4] refers to the fourth sentence in the statute.

"each final decision of the Secretary will be reviewed by a separate piece of litigation." *Id.* at 2663. The Court then stated:

> The fourth and eighth sentences of § 405(g) buttress this conclusion. The fourth sentence states that in such a civil action, the district court shall have the power to enter "a *judgment* affirming, modifying or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." ... [A]lthough the fourth sentence clearly foresees the possibility that a district court may remand a cause to the Secretary for rehearing ..., nonetheless such a remand order is a "judgment" in the terminology of § 405(g).... Thus it is that the eighth sentence of § 405(g) provides that "[t]he judgment of the court *shall be final* except that it shall be subject to review in the same manner as a judgment in other civil actions."

*Id.* at 2663–64 (emphasis in original). The Court also noted the following:

> [t]he fourth sentence of § 405(g) does not "limit" the district court's authority to remand. Rather the fourth sentence directs the entry of a final, appealable judgment even though that judgment may be accompanied by a remand order. The fourth sentence does not require the district court to choose between entering a final judgment and remanding; to the contrary, it specifically provides that a district court may enter judgment "with or without remanding the cause for rehearing."

*Id.* at 2666.

Sentence four of § 405(g) allows a reviewing court to enter a judgment affirming, modifying or reversing the Secretary's decision, with or without remanding for a rehearing. By contrast, sentence six of § 405(g) allows a remand for taking additional evidence into account where "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding"; the *Finkelstein* Court suggested that such a remand would not constitute a final decision under 28 U.S.C. § 1291. *Id.* at 2664–65. Frizzell concedes this case involves a sentence four remand under § 405(g), not a sentence six remand for new evidence. In the case at bar, the district court's sentence four remand was a "judgment" that had the effect of terminating Frizzell's civil action challenging the Secretary's denial of benefits. Consequently, the district court divested itself of jurisdiction when it ordered the remand. While *Finkelstein* may have limited itself to the situation there presented—a remand predicated on the district court's invalidation of the Secretary's regulations—the construction given by the Court to § 405(g) applies with equal force to this case. The Supreme Court has construed § 405(g) and we are bound by this construction despite any reasons Frizzell may offer to the contrary.

### An alternate reason

Frizzell currently has what we understand to be essentially the same case pending in the Waco Division of the Western District of Texas. The case at bar originated in the Austin Division of the Western District. Frizzell will suffer no harm by our ruling because her case is currently undergoing review in a district court[2]. Consequently, a discussion of equitable tolling is not needed. We add, however, that if the current action in the Waco Division had not been filed, there is a very strong possibility Frizzell would be entitled to equitable tolling to reinstitute her action in federal district court. *See Bowen v. City of New York*, 476 U.S. 467, 480–81, 106 S.Ct. 2022, 2030–31, 90 L.Ed.2d 462 (1986).

### Conclusion

The fight in this case is over the procedure to obtain judicial review of post-remand administrative decisions in a federal district court. On these facts, *Finkelstein* is controlling. Consequently, the district

---

**2.** Counsel for the Secretary stated at oral argument that "no substantive right of the appellant is affected" by whatever action this court took because of the Waco suit. In other words, he conceded that if the district court in Waco found Frizzell was entitled to benefits, she could recover the benefits from the date she initially applied, January 3, 1983.

court did not err in denying reinstatement of Frizzell's case. The judgment of the district court is accordingly AFFIRMED.