**Gregory LUNA, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 90–1685
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1991.

Steve L. Hurt, Plainview, Tex., for plaintiff-appellant.

Randall Halford, Asst. Regional Counsel, Office of Gen. Counsel, U.S. Dept. of HHS, Marvin Collins, U.S. Atty., Dallas, Tex., for defendant-appellee.

## ON APPLICATION FOR ATTORNEYS' FEES

Before JOHNSON, SMITH, and WIENER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

### I.

Plaintiff Gregory Luna appealed a summary judgment in favor of defendant, the Department of Health and Human Services (HHS) (appearing through its Secretary), upholding the administrative denial of his claim for social security disability and supplemental security income benefits. Finding a need for further articulation by the administrative law judge (ALJ) of reasons, if any, for his finding regarding pain, we vacated and remanded. *Luna v. United States Department of HHS*, 929 F.2d 697 (5th Cir.1991) (unpublished).

Luna now applies for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which allows, under defined circumstances, recovery of attorneys' fees and expenses to a prevailing party in an action against the United States where the position of the United States was not "substantially justified." Concluding that, contrary to the Secretary's assertion, Luna's application for fees should be deemed timely filed, we grant the application.

### II.

In 28 U.S.C. § 2412(d)(1)(B), the EAJA requires that a fee application must be filed "within thirty days of final judgment." To determine whether the application was timely, first we must determine the date of the "final judgment" in this matter, for purposes of the EAJA. Our opinion, vacating and remanding for a statement of reasons by the ALJ regarding pain, was issued March 15, 1991. The Secretary asserts that that opinion constitutes the "final judgment" referred to in section 2412(d)(1)(B). We disagree.

Review here was sought pursuant to 42 U.S.C. § 405(g), which allows an aggrieved claimant to file a civil action in an appropriate "district court of the United States." The subsection then provides two alternative ways in which the matter can be remanded: a so-called "fourth sentence remand"[1] or a so-called "sixth sentence remand."[2] The structure of subsection (g) suggests that references to "the court" are to a federal *district* court. Following the sixth sentence, the subsection provides that "[t]he judgment of the court shall be final except that it shall be subject to review in the same manner as a judgment in other civil actions." Again, the obvious reference here is to a *district* court.

A further reason for rejecting the Secretary's assertion that our previous panel opinion is an EAJA "final judgment" is that the panel remanded not to the Secretary, but to the district court. The Secretary claims that the instant case involves a

---

1. The fourth sentence of § 405(g) reads, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing."

2. The sixth sentence of § 405(g) reads,
   The court may, on motion of the Secretary ..., remand the case to the Secretary for

further action ..., and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record; and the Secretary shall ... modify or affirm his findings ... or his decision ... and shall file [them] with the court.

fourth-sentence remand. If that is so, it did not occur by virtue of the remand by this court, for the fourth sentence refers only to remands to the *Secretary*.[3]

### III.

### A.

Following our remand to it, the district court, on April 18, 1991, entered an order withdrawing its previous judgment and remanding to the Secretary for entry of reasons by the ALJ. But the court specifically purported to retain jurisdiction and directed the parties to file status reports with it.

On July 17, 1991, the ALJ made his additional findings and entered a decision finding Luna to be disabled and entitled to benefits. After receiving a status report informing it of the ALJ's decision, the district court on October 1, 1991, entered an "Order Terminating Case" and a purported final judgment, citing *Sullivan v. Finkelstein*, — U.S. —, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), and *Frizzell v. Sullivan*, 937 F.2d 254 (5th Cir.1991). Luna's EAJA fee application promptly followed, on October 24, 1991.

Luna contends that his fee application was timely in that it was filed within thirty days of what he claims is the operative "final judgment" in this case, i.e., the district court's purported final judgment entered on October 1. Based upon a recent decision of this court, we disagree and conclude that the "final judgment," for EAJA purposes, is the district court's April 18, 1991, order of remand. Nevertheless, we entertain and approve Luna's fee application because we also conclude, under the specific facts of this case, that Luna is entitled to the benefit of equitable tolling.

### B.

*Frizzell* is the recent decision that controls this case. There, the district court remanded, following the Secretary's denial of benefits, for reconsideration in light of a newly-adopted legal standard; the claim again was denied, and the claimant successfully moved to reinstate her suit in the district court, which then remanded a second time for further development of the record. A third ALJ hearing resulted in another unfavorable decision, but the district court denied reinstatement, concluding that the second remand constituted a termination and that, in order to contest the third administrative denial, the claimant would have to file a new lawsuit.

In *Frizzell*, this court's panel agreed with the district court, noting that in *Sullivan v. Finkelstein*, 110 S.Ct. 2658, 2664–66, "the Supreme Court has called into question the assumption that district courts retain jurisdiction to review the Secretary's determinations following remand." 937 F.2d at 256. "[T]he Court's analysis of § 405(g) lends strong support to the Secretary's contention that the district court properly divested itself of jurisdiction when it remanded Frizzell's case for the second time." *Id.*[4] The panel noted that in *Finkelstein* the Court read section 405(g) as contemplating that " 'each final decision of the Secretary will be reviewed by a separate piece of litigation.' " *Id.* at 257 (quoting *Finkelstein*, 110 S.Ct. at 2663).

Hence, the *Frizzell* panel concluded that, according to *Finkelstein*, every fourth-sentence remand order is a "final judgment." "[T]he district court's sentence four remand was a 'judgment' that had the effect of terminating Frizzell's civil action challenging the Secretary's denial of benefits. *Consequently, the district court divested itself of jurisdiction when it ordered the remand.*" *Id.* (emphasis added).

■■■ The same result must obtain here: Although the district court purported to retain jurisdiction when it remanded, under *Frizzell* and *Finkelstein* it actually ceded

---

3. The result might be different in a case in which the court of appeals either affirms, or reverses and renders, the judgment of the district court, but we need not address that question today.

4. The panel also implied that the district court should not have permitted reinstatement after the *first* remand, noting that the district court "did not explain why it permitted [that] reinstatement." 937 F.2d at 255.

that jurisdiction when it remanded. That order of remand was a "final judgment" for purposes of the EAJA and section 405(g), and the EAJA's thirty-day time began running at the point at which that final judgment had been entered and the period for appeal thereof had run. *See* 28 U.S.C. § 2412(d)(2)(G).

Our confidence in this conclusion is bolstered by a case not cited in *Frizzell, Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). In *Melkonyan,* an EAJA case, the Court held emphatically that fourth-sentence and sixth-sentence remands are "the only kinds of remands permitted under the statute." *Id.* 111 S.Ct. at 2164. The remand in the instant case plainly does not meet the requirements of the sixth sentence, as it was not a remand at the Secretary's request or for the purpose of receiving new evidence. It follows, then, from *Melkonyan,* that the remand here can only be a fourth-sentence remand:

> [I]n § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements ... in sentence six.... In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run.... In sentence six cases, the filing period does not begin until after the post-tremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Melkonyan, id.* at 2165.

Under *Melkonyan,* therefore, a remand order that is not entered pursuant to sentence six is a "final judgment" (once the time for appeal has run) for purposes of the EAJA. In the case *sub judice,* the district court's remand order of April 18 is the EAJA "final judgment," and Luna's fee application was due no later than thirty days after that judgment became no longer appealable.

A ruling of this court entered subsequently to *Frizzell,* and called to our attention by Luna, appears to run afoul of our conclusion today. In *Tanner v. Secretary of HHS,* 932 F.2d 1110 (5th Cir.1991), a panel reversed the district court's affirmance of the Secretary's denial of benefits on the ground that, under *Lidy v. Sullivan,* 911 F.2d 1075, 1077 (5th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2274, 114 L.Ed.2d 725 (1991), the claimant improperly had been denied the opportunity to cross-examine the drafter of an unfavorable report. The panel reversed and remanded to the Secretary. As the remand did not meet the requirements of the sixth sentence of section 405(g), according to *Melkonyan* it must be a fourth-sentence remand. Yet, this court's panel subsequently entered an order stating "that appellant's motion for attorney's fees and expenses under the [EAJA] is DISMISSED without prejudice because there has been no final judgment entered in this case within the meaning of 28 U.S.C. § 2412. *See Nagle v. Lee,* 807 F.2d 435, 438 (5th Cir. 1987)." *Tanner v. Secretary of HHS,* No. 90–4685 (order of Oct. 7, 1991) (per curiam) (unpublished).

We have difficulty squaring *Tanner* with *Finkelstein, Melkonyan,* and *Frizzell,* as it appears from those authorities that the remand order in *Tanner* would have to have been a fourth-sentence remand and hence a "final judgment" for EAJA purposes. We need not reconcile *Tanner,* however, as its order was entered subsequently to issuance of the opinion in *Frizzell,* and in this circuit, where two panel decisions conflict, the earlier one controls. *Frey v. Amoco Prod. Co.,* 943 F.2d 578, 588 (5th Cir.1991) (Jones, J., concurring).

Two circuit courts of appeals also appear to have reached results contrary to that called for by *Frizzell,* by which we are bound. In *Damato v. Sullivan,* 945 F.2d 982 (7th Cir.1991), the court, while acknowledging that under *Melkonyan* there are only fourth-sentence and sixth-sentence remands, determined that the remand at issue was neither and thus, although operative as a remand, was not a "final judgment" under section 2412(d)(2)(G). In *Wel-*

*ter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991), the court held that the remand in question, admittedly a fourth-sentence remand, nevertheless was not a final judgment. These holdings cannot be squared with the result in *Frizzell,* which informs our decision today.

## IV.

■ Luna argues that even if his EAJA fee application was filed untimely, he should be given the benefit of equitable tolling. We agree.

As we have noted, in its remand order of April 18 the district court purported to retain jurisdiction, thus unwittingly misleading Luna to think that no final judgment was being entered. The Secretary apparently acquiesced in the form of the remand order. The fact that the order did operate as a final judgment—a legal conclusion made far more certain by the issuance of *Frizzell* four months later—equitably should not bar Luna from pursuing his EAJA fees.[5]

■ The Secretary weakly asserts that the thirty-day provision is jurisdictional and, consequently, not subject to tolling. It is established, however, that equitable tolling applies to claims under section 405(g), *see Bowen v. City of New York,* 476 U.S. 467, 480–82, 106 S.Ct. 2022, 2030–31, 90 L.Ed.2d 462 (1986), so we give Luna the benefit of tolling and deem his EAJA fee application to have been filed timely.

## V.

Finally, we must determine the amount of the fee award. The Secretary, concentrating on the issue of timeliness, has entered no opposition to the amount of the request or of Luna's entitlement to fees and expenses if his request is deemed timely filed, and we find the request to be reasonable. Accordingly, Luna is GRANTED his initial request for $6,636.21 and his supplemental request (for work done in pursuing the initial fee request) in the

amount of $1,417.39, for a total of $8,053.60.

---

**5.** Prospective claimants, cognizant of *Frizzell* and our decision today, presumably could not make the same equitable claim.