Homer W. DOUGHTY, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant.

Civ. A. No. 83–1407–T.

United States District Court,
D. Kansas.

March 26, 1992.

Dennis L. Phelps, Wichita, Kan., for plaintiff.

Stephen K. Lester, U.S. Attorney's Office, Wichita, Kan., for defendant.

OPINION AND ORDER

THEIS, Senior District Judge.

In this proceeding based on Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, plaintiff Doughty seeks an order reversing the Secretary's decision to deny disability benefits (Doc. 36). The Secretary moves for summary judgment based on the plaintiff's alleged failure to meet the time requirements of § 205(g) of the Social Security Act. (Doc. 38).

FACTUAL BACKGROUND

Plaintiff Doughty originally filed a civil action in this court on April 29, 1983, seeking judicial review of the Secretary's deci-

sion to deny his application for disability insurance benefits. In an order dated October 5, 1984, this court reversed the Secretary's decision and remanded the case to the Secretary for further administrative proceedings. Specifically, the court found the Secretary's conclusions to be "wholly unsupported by substantial evidence," and remanded the case with the instruction that the Secretary "give greater consideration to the severity and effect of Doughty's several non-exertional limitations and their impact upon his ability to obtain employment of even a sedentary nature."

On remand, the Administrative Law Judge ("ALJ") conducted a supplemental hearing and rendered a decision on February 9, 1989, finding that the plaintiff was disabled as of July 17, 1983, and not July 25, 1981 as alleged by the plaintiff. The Appeals Council of the Social Security Administration adopted the recommendations of the ALJ on May 17, 1989. The Appeals Council's decision stands as the final decision of the Secretary. Plaintiff filed a "Motion for Review of Decision on Remand and Motion for Summary Judgment" on April 29, 1991, almost two years following the final decision of the Secretary.

## DISCUSSION

Judicial review of the Secretary's final decision is authorized by 42 U.S.C. § 405(g). Under that provision, a Social Security claimant may bring a civil action in district court after any final decision of the Secretary to which he was a party if the action was "commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

The Secretary contends, and the plaintiff concedes, that this action was not initiated within the sixty-day statutory deadline. The Secretary also observes that no extension of time had been given to the plaintiff. As such, argues the Secretary, this action is time-barred, and the court lacks jurisdiction to review the Secretary's decision. The plaintiff, on the other hand, argues that he was not required to file a new civil action following the Secretary's decision on

remand because the case was remanded with "an implicit retention of the Court's jurisdiction for further review." At issue, then, is whether this court's remand to the Secretary on October 5, 1984 constitutes a final judgment that necessitates the filing of a new civil action, pursuant to § 405(g), to appeal the Secretary's post-remand decision.

The Secretary cites *Sullivan v. Finkelstein*, 496 U.S. 617, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990), to support his position that a remand order necessarily terminates the action. In *Finkelstein*, the Supreme Court addressed the finality of remand orders under § 405(g) for the purposes of appellate review. There, the Court held that where a district court *reversed* the Secretary's decision and remanded for further action, the remand was a final judgment for the purposes of appealing to the courts of appeal.

As the Court noted, § 405(g) envisions two kinds of remand orders. A district court may remand the case under the fourth sentence of § 405(g), which grants the court "power to enter ... a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." A remand pursuant to the fourth sentence follows a substantive ruling on the correctness of the Secretary's decision, and is issued after the court enters a final judgment terminating the case.

The sixth sentence of § 405(g), on the other hand, provides for a second form of remand:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g). Following a sixth sentence remand, the Secretary must return to the district court to "file with the court any

such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." *Id.* A remand based on the sixth sentence, thus, contemplates that the district court automatically retains jurisdiction so that the parties may return to court following the remand.

As indicated above, remands under sentence six are predicated upon a finding of good cause, and are appropriate only "when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Finkelstein,* 110 S.Ct. at 2664; *see also Melkonyan,* 111 S.Ct. at 2163 ("the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding").[1] Under a sixth sentence remand, the court "does not affirm, modify or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative decision." *Melkonyan,* 111 S.Ct. at 2163. As such, a remand under the sixth sentence is not implicated "when the district court has found that the Secretary's position is not supported by substantial evidence or that the Secretary applied the wrong legal standard." *Gutierrez v. Sullivan,* 953 F.2d 579, 582 (10th Cir.1992).

■ In the present case, in reversing the Secretary, this court made a substantive ruling on the correctness of the Secretary's decision, and remanded the case for further administrative action. Such a remand does not, therefore, qualify as a sixth sentence remand. *See Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 2163, 115 L.Ed.2d 78 (1991) (In a sixth sentence remand, the court "does not rule in any way as to the correctness of the administrative decision."). This conclusion is further buttressed by the absence of any new evidence or good cause showing, two integral components of a sixth sentence remand.

■ However, a determination that the remand was not made pursuant to the sixth sentence does not necessarily mean that the court had entered a final fourth sentence remand whereby the court terminated the action and relinquished jurisdiction. The Tenth Circuit recently addressed a situation in which the district court intended to retain jurisdiction but did not make a sixth sentence remand. In *Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992), the district court concluded that the Secretary, in denying disability benefits to the claimant, failed to consider proper evidence, and remanded the case. *Id.* at 580. On remand, the Secretary rendered a decision in favor of the claimant. *Id.* The claimant then filed in district court a motion for entry of final judgment and award of attorneys fees under the Equal Access to Justice Act ("EAJA"). *Id.* The Secretary alleged that the motion was untimely because it was filed beyond thirty days of the final judgment, as required by the EAJA. *Id.* The task of the Tenth Circuit was determining whether the court had entered a final judgment when it remanded the case, so as to trigger the thirty-day statutory deadline. To answer that, the court had to examine what kind of remand the district court contemplated: whether the remand was made pursuant to the fourth sentence, which is made after a final judgment, or the sixth sentence, in which the court does not make a final judgment.

The Tenth Circuit concluded that the remand was not made pursuant to the sixth sentence. *Id.* at 582. Nonetheless, the Tenth Circuit held that the remand, although based on the fourth sentence, did not constitute a final judgment. *Id.* According to the Tenth Circuit, although the Supreme Court in *Melkonyan* stated that "in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administra-

---

1. Courts have differed on the required degree of materiality of the new evidence. The Tenth Circuit, for instance, requires that "there is just cause to conclude that the Secretary's decision might reasonably be different if the new evidence were presented" before a sixth sentence remand is warranted. *Cagle v. Califano,* 638 F.2d 219, 221 (10th Cir.1981).

tive decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six," the Court also acknowledged the continuing validity of *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), in which the district court retained jurisdiction and contemplated entering a final judgment following a remand that was not based on sentence six. *Id.* at 583. Because there are only two types of remands available under § 405(g)—either a sixth sentence or fourth sentence remand—the Tenth Circuit reasoned that the remand in *Hudson* must have been made under the fourth sentence—even though the district court did not intend to enter a final judgment after ruling on the merits of the Secretary's decision. *Id.* at 583. The *Gutierrez* court found the rationale in *Hudson* compelling:

> ... [T]he [Supreme] Court noted that when a district court remands a case because the Secretary has made a factual or legal error in evaluating the claimant's claim, "the district court's order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed." [citations omitted] "In many remand situations, the court will retain jurisdiction over the action pending the Secretary's decision.... The court retains the power in such situations to assure that its prior mandate is effectuated."

*Id.* at 583 (quoting *Hudson*, 490 U.S. at 886, 109 S.Ct. at 2254).

In harmonizing *Melkonyan* and *Hudson*, the Tenth Circuit recognized "a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." *Id. Accord Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991) (district court's order remanding actions because Secretary committed legal and factual errors did not constitute final "judgment[s] ... modifying or reversing the decision[s] of the Secretary."); *cf. Damato v. Sullivan*, 945 F.2d 982, 987 (7th

Cir.1991) (remand order that "neither affirmed, modified, or reversed the decision of the ALJ ... was not remand under sentence four of Section 405(g) and cannot constitute a 'final judgment' ..."). *But see Luna v. United States Dep't of Health & Human Servs.*, 948 F.2d 169, 171–72 (5th Cir.1991) (district court ceded jurisdiction when it remanded even though it purported to retain jurisdiction).

Although *Gutierrez* involves the award of attorneys fees under EAJA, this court finds the holding in *Gutierrez* equally applicable in addressing the issue of whether a fourth sentence remand terminates the action so as to necessitate the filing of a new post-remand petition, pursuant to § 405(g). Like the district court in *Gutierrez*, this court remanded the action after making a substantive ruling on the merits, and finding that the Secretary had made certain factual and legal errors. *See Gutierrez*, at 580. However, the district court in *Gutierrez* did not reverse or modify the Secretary's decision itself: "Not finding substantial evidence to support the Secretary's decision, the court remanded the case for reconsideration of the evidence but did not make a determination that the decision itself was incorrect, only that it was unsupported by substantial evidence." *Gutierrez v. Sullivan*, 745 F.Supp. 665, 668 (D.Utah 1990). Unlike the situation in *Gutierrez*, this court determined that the Secretary's decision itself was incorrect and reversed his decision. The court, in effect, entered a final judgment in favor of the claimant Doughty. The finality of the court's conclusion is manifest in a subsequent order dated Oct. 3, 1985 granting interim benefits, in which the court stated: "On Oct. 5, 1984, this court entered an order *granting summary judgment* to plaintiff Homer Doughty, *reversing the decision of the Secretary* ... and remanding the case for further proceedings." (Doc. 23). The court's language unequivocally showed that the court had entered a final judgment on October 5, 1984. This case is, thus, distinguishable from the circumstances in *Gutierrez*, and does not fall

within the "subcategory of cases" recognized by *Gutierrez.*

■ Because the fourth sentence remand issued by this court was accompanied by a final judgment reversing the Secretary's decision, the court had ceded jurisdiction at the time of the remand. Doughty was, therefore, bound to observe the sixty-day statutory deadline imposed by § 405(g) for filing new petitions for judicial review. Failing to do so, his claim is time-barred.[2]

Doughty invokes the doctrine of estoppel to excuse his failure to comply with § 405(g). He argues that the Secretary had *"never* suggested, argued or taken a legal position that the District Court remand Order was 'final' or 'appealable.'" (Emphasis original) Plaintiff's argument is untenable, however. The defendant at no time made any affirmative representations to the plaintiff that the time requirements of § 405(g) need not be observed or that the defendant would refrain from asserting a statute of limitations defense. Even if those representations existed, the plaintiff's reliance on such representations would not be justified. The plaintiff himself was responsible for ensuring that his petition complied with statutory deadlines. Thus, the plaintiff is not entitled to benefit from the estoppel doctrine. The Secretary's motion is, therefore, granted.

IT IS BY THE COURT THEREFORE ORDERED that the Secretary's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 38) is hereby granted; and that the plaintiff's Motion for Review and Summary Judgment (Doc. 36) is hereby denied.

---

**2.** Even if the court's remand were not coupled with a final judgment, the court determines that Doughty is barred by the doctrine of laches by waiting almost two years to contest the Secretary's decision.