IN THE UNITED STATES OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-4777
Summary Calendar
_____


ROGER FREEMAN,

Plaintiff-Appellant,

versus

LOUIS W. SULLIVAN, M.D., Secretary
of Health and Human Services,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Western District of Louisiana
(CA 87 2773)
_____
( August 19, 1993)

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

In December 1987, Roger Freeman sought judicial review of the denial of his application for social security disability benefits. The district court affirmed, and Freeman appealed. While the appeal was pending, the Secretary of Health and Human Services requested that the case be remanded for consideration of evidence

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

from a vocational expert. This court rejected Freeman's contention that the record supported an award of benefits and remanded to the district court for remand to the administrative law judge (ALJ) pursuant to the Secretary's request. After remanding for further administrative proceedings, the district court closed the case in May 1989. The court did not enter a separate judgment dismissing the action.

On October 4, 1991, the ALJ determined that Freeman was entitled to disability benefits retroactive to March 16, 1984. On January 15, 1992, Freeman filed a motion in the district court requesting that the court order the Secretary to file post-remand findings of fact, and that the court enter judgment in favor of Freeman. The Secretary opposed the motion on the ground that the order of remand to the ALJ had issued under the fourth sentence of 42 U.S.C. § 405(g),[1] thereby divesting the district court of jurisdiction.

The magistrate judge determined that the May 1989 remand was a "fourth-sentence" remand that terminated the civil action. He recognized that the entry of a judgment[2] in Freeman's favor was a prerequisite to an award of attorneys' fees under the EAJA, and

---

[1]"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[2] A petition for fees and expenses under the EAJA must be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B).

that the procedure for recovering attorneys' fees in fourth-sentence remand cases was unclear.  Nevertheless, the magistrate judge concluded that the district court lacked jurisdiction to enter judgment because the action had terminated with the 1989 remand to the ALJ.  Freeman filed a timely objection to the recommendation and a motion for district court attorneys' fees under the EAJA.  On the same day, he filed in this court a petition and supporting memorandum seeking appellate attorneys' fees under the EAJA.[3]  Freeman noted in his memorandum to this court that the magistrate judge had recommended that the district court decline to enter judgment in his favor because the May 1989 remand to the ALJ had been the "final judgment" in the suit.  Freeman urged that the court should apply an equitable tolling analysis to find his petition for appellate attorneys' fees timely.  On May 4, 1992, this court granted Freeman's unopposed motion for appellate attorneys' fees in a one-sentence order.

On May 29, 1992, (apparently without the benefit of this court's order) the magistrate judge recommended that the district court dismiss as time-barred the petition for EAJA fees filed in

---

[3]Freeman's simultaneous petitions for attorneys' fees in this court and the district court were unconventional, but were not without jurisdiction.  See U.S. v. 329.73 Acres of Land, Situated in Grenada and Yalobusha Counties, State of Miss., 704 F.2d 800, 811-812 (5th Cir. 1983) (although appellate court may enter EAJA award,"rarely will the district court not be the appropriate tribunal" to review an EAJA application); see also Dole v. Phoenix Roofing, Inc., 922 F.2d 1202, 1208-09 (5th Cir. 1991) (discussing dual appellate court and agency jurisdiction over application for EAJA fees).

that court.  The magistrate judge concluded that in this Circuit, Melkonyan v. Sullivan, 501 U.S. ___, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) applied retroactively; that the May 1989 remand order was therefore the "final judgment" for purposes of the EAJA application; that principles of equitable tolling applied; but that the petition was nevertheless untimely, because the decision in Luna v. United States HHS, 948 F.2d 169 (5th Cir. 1991), eliminated any uncertainty as to when the 30-day time limit began to run, and thus any equitable considerations justifying tolling ended after Luna was issued.  In objections to the recommendation, Freeman urged that this court's award of appellate attorneys' fees required that the district court grant his EAJA petition.  The district court overruled the objections, adopted the magistrate judge's recommendation, and dismissed the petition.  The district court reasoned that this court's award of attorneys' fees was not controlling because the court had not addressed the merits of Freeman's application.

A recent Supreme Court case makes it clear that Freeman's EAJA petition in the district court was timely.  Shalala v. Schaefer, No. 92-311, 1993 WL 218284 (U.S. June 24, 1993).  In Schaefer, the district court remanded to the Secretary in April 1989, pursuant to sentence four of § 405(g), and the Secretary entered an award of benefits on April 2, 1990.  Id. at *1, *3.  Schaefer did not file his EAJA application until July 1990.  The Supreme Court held that a fourth-sentence remand constitutes a "final judgment" that

-4-

triggers the filing period for an EAJA fee application. Id. at *5. "In sentence four cases, the filing period [for an EAJA application] begins after the final judgment (affirming, modifying, or reversing) is entered by the court and the appeal period has run, so that the judgment is no longer appealable . . . ." Id. at *4, quoting Melkonyan, 111 S.Ct. at 2165 (internal quotation marks omitted). The Court nevertheless found that Schaefer's EAJA application was not time-barred because the district court had not entered a separate judgment as required by Fed. R. Civ. P. 58. Schaefer, 1993 WL 218284 at *6.

An EAJA application may be filed until "30 days after the time for appeal has ended." Id. In suits to which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. The district court should have entered a Rule 58 judgment when it remanded to the Secretary in April 1989. That court's failure to enter a "formal judgment" meant that the April 1989 order remained "appealable"; therefore, Schaefer's July 1990 petition for EAJA fees was timely.

In this case, as in Schaefer, the district court entered a fourth-sentence remand order but did not enter a separate Rule 58 judgment. Freeman's district court petition for EAJA fees was timely because the district court's May 1989 remand to the Secretary was still "appealable." Schaefer, 1993 WL 218284 at *6. Thus, the district court's order denying attorneys' fees is

VACATED, and the case is REMANDED to the district court for reconsideration in the light of <u>Schaefer</u>.

VACATED and REMANDED.