# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

### No. 97-10897
### Summary Calendar
_____

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**VERNON ANTHONY MILLER,**

Defendant-Appellant.

_____

### Appeal from the United States District Court
### for the Northern District of Texas
### (No. 3:94-CR-343-1-G)
_____

April 16, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

At issue is whether an order denying an extension of time to file a 28 U.S.C. § 2255 motion is appealable. Vernon Anthony Miller, a federal prisoner, was convicted of conspiracy to commit bank robbery, bank robbery and aiding and abetting, using and carrying a firearm during a crime of violence and aiding and abetting, and interstate transport of a stolen vehicle and aiding

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and abetting.  The convictions were affirmed on direct appeal and the Supreme Court denied certiorari on 7 October 1996.

On 25 July 1997, Miller moved in district court for an extension of time to file a § 2255 motion.  He contended that he had been stabbed and placed in solitary confinement since 24 April 1997, and that the prison law library was inadequate to prepare the § 2255 motion.

On 30 July 1997, the district court denied the extension, holding that any alleged impediment to Miller filing his § 2255 motion within the one-year limitation period would be litigated when Miller actually filed the § 2255 motion; if Miller prevailed on such an allegation, then the limitations period would run from the date the impediment was removed.  *See* 28 U.S.C. § 2255 (as amended) (a § 2255 motion must be filed within one year from the latest of, *inter alia*, the date the conviction becomes final, or "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such government action").  But, instead of filing a § 2255 motion, Miller filed a timely notice of appeal from the denial of his extension motion.

For purposes of this appeal, we have jurisdiction only from (1) final orders (28 U.S.C. § 1291); (2) orders that can be properly certified as final (Fed. R. Civ. P. 54(b), 28 U.S.C. §

2

1292(b)); and (3) specific interlocutory appeals (28 U.S.C. § 1292(a)(1)). *See* ***Dardar v. Lafourche Realty Co., Inc.***, 849 F.2d 955, 957 (5th Cir. 1988). A "final decision" under § 1291 "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment". ***Frizzell v. Sullivan***, 937 F.2d 254, 255 (5th Cir. 1991) (quotation omitted). Needless to say, the collateral order doctrine, or some other exception, does not apply. *See* ***Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.***, 460 U.S. 1, 10 (1983) ("To come within the 'small class' of decisions excepted from the final-judgment rule by [***Cohen v. Beneficial Indus. Loan Corp***. 337 U.S. 541 (1949)], the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable from a final judgment.").

The district court did not issue a final judgment, nor did it certify the order as final or eligible for interlocutory appeal. In fact, at the time of the district court's order, Miller still had several months in which to file his § 2255 motion. He did not do so, and still has not filed any § 2255 motion. Accordingly, this appeal is **DISMISSED** for lack of jurisdiction.

*DISMISSED*

3