Nancy J. HOWE, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant.

No. CIV.A. H–02–1599.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 2, 2002.

Victor N Makris, Attorney at Law, Bellaire, TX, for Nancy Howe, plaintiff.

Cheryl Latrice Chapman, Office of the General Counsel, Social Security Admin, Dallas, TX, for Jo Anne B Barnhart, Commissioner of SSA, defendant.

## MEMORANDUM AND ORDER

HOYT, District Judge.

The Court has conducted a *de novo* review of the file, including the administrative record, and notes that Defendant Jo Anne B. Barnhart, Commissioner ("Commissioner") of the Social Security Administration, requests a remand of this matter, pursuant to "sentence four" of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)(as amended). Plaintiff Nancy J. Howe ("Howe") does not oppose the Motion to Remand (Entry # 13).

The Commissioner wishes to avail an administrative law judge ("ALJ") the opportunity to reevaluate Howe's condition to determine her residual functional capacity by further considering the treating physicians' opinions and reviewing current medical records. The Commissioner also indicates that, if necessary, the ALJ will hold a supplemental hearing to consider Howe's recent medical records and secure additional expert opinion with respect to Howe's claimed physical limitations and the effect, if any, on her ability to work. The Commissioner concedes, therefore, that the ALJ's findings may not comport with all of the available evidence and the suggested additional data will prove material to the plaintiff's claim for social security benefits; and, accordingly, reversal of the administrative agency's decision and remand is warranted. See *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir.2000); *Luna v. United States Dept. of Health and Human Services*, 948 F.2d 169, 171–72 (5th Cir. 1991); *Frizzell v. Sullivan*, 937 F.2d 254, 256 (5th Cir.1991); see also *Shalala v. Schaefer*, 509 U.S. 292, 299, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Freeman v. Shalala*, 2 F.3d 552, 553 (5th Cir.1993). The Court, having reviewed the Memorandum and Recommendations (Entry # 14), con-

siders the recommendations to be well founded and agrees that this matter should be reversed and remanded to the Commissioner for a proper review and determination. It is, therefore,

**ORDERED** that the recommendations suggested in the Memorandum and Recommendations (Entry # 14) are adopted herein. Additionally, it is

**ORDERED** that the Commissioner's unopposed Motion for Remand (Entry # 13) is **GRANTED**. Further, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment (Entry # 9) is **GRANTED** and that the ALJ's decision is **reversed** and this case is **REMANDED** to the Commissioner for supplemental review and determination and, if warranted, supplemental hearing. Finally, it is

**ORDERED** that this matter is **DISMISSED with prejudice** from the dockets of this Court.

The Clerk of Court shall file this Memorandum and Order and provide the parties a true copy.

## MEMORANDUM AND RECOMMENDATIONS

BOTLEY, United States Magistrate Judge.

Pending before the Court is the unopposed motion of Defendant Jo Anne B. Barnhart, Commissioner ("Commissioner") of the Social Security Administration, for remand of this matter (Entry # 13), pursuant to "sentence four" of section 205(g) of the Social Security Act, at 42 U.S.C. § 405(g)(as amended). Plaintiff Nancy Joyce Howe ("Howe"), filed her lawsuit and Motion for Summary Judgment (Entry # 9) seeking judicial review, reversal and remand of the administrative law judge's ("ALJ") denial of her request for social security income benefits.

The Commissioner, despite filing an Answer (Entry # 5) denying Howe's claims, now seeks reversal of the administrative decision and remand, therein requesting that the administrative law judge be allowed an opportunity to further consider Howe's recent medical records in order to properly assess her residual functional capacity. Further, the Commissioner indicates that she will obtain and evaluate expert testimony with respect to Howe's medical condition, particularly with respect to Howe's treating physicians Drs. Chang, Ginn and Durkop, in order to determine what jobs, if any, Howe is capable of performing. It is clear, therefore, that the evidence sought is material and that remand is appropriate in this instance, as the ALJ's findings do not comport with all of the available evidence; and, accordingly, reversal of the ALJ's findings and remand is warranted. See *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Istre v. Apfel,* 208 F.3d 517, 520 (5th Cir.2000); *Luna v. United States Dept. of Health and Human Services,* 948 F.2d 169, 171–72 (5th Cir.1991); *Frizzell v. Sullivan,* 937 F.2d 254, 256 (5th Cir.1991); see also *Shalala v. Schaefer,* 509 U.S. 292, 299, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Freeman v. Shalala,* 2 F.3d 552, 553 (5th Cir.1993). The Court, having reviewed the motion, in accordance with 28 U.S.C. § 636(b)(1)(C) proposes that the motion be found to have merit. It is, therefore,

**RECOMMENDED** that the Commissioner's unopposed Motion for Remand (Entry # 13) be **GRANTED**. Further, it is

**RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Entry # 9) be **GRANTED** and that the ALJ's decision be **reversed** and this case be **REMANDED** to the Commissioner for supplemental review, hearing and determinations in conformance with that set forth in the Com-

missioner's unopposed Motion for Remand (Entry # 13). Finally, it is

**RECOMMENDED** that this matter be **DISMISSED** with prejudice from the dockets of this Court.

The Clerk of Court shall enter this Memorandum and Recommendations and provide the parties a true copy.

Sept. 30, 2002.