Theresa WASHINGTON, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

No. CIV.A. H–02–1928.

United States District Court,
S.D. Texas,
Houston Division.

March 4, 2003.

William L Fouche, Jr, Dallas, TX, Carl M Weisbrod, Morgan & Weisbrod, Dallas, TX, for Theresa Washington, plaintiff.

Kim Elizabeth Garcia, Social Security Administration, Office of the General Counsel, Dallas, TX, for Jo Anne B Barnhart, Commissioner of The Social Security Administration, defendant.

**MEMORANDUM AND ORDER**

HOYT, District Judge.

The Court has conducted a review of the file and notes that Defendant Jo Anne B. Barnhart, Commissioner ("Commissioner") of the Social Security Administration, requests a remand of this matter, pursuant to "sentence four" of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)(as amended). Plaintiff Theresa Washington ("Washington") does not oppose the Motion to Remand [Doc. # 24].

Following the filing of her lawsuit seeking judicial review, reversal and remand of

an administrative law judge's denial of her request for social security benefits, the Commissioner filed an Answer [Doc. # 16] denying Washington's claims. Subsequently, Washington filed a Motion for Summary Judgment [Doc. # 19] requesting the relief sought in her Complaint. The Commissioner now concedes that her findings do not comport with the evidence presented during the administrative hearing. The Commissioner wishes to avail the administrative law judge an opportunity to reevaluate Washington's residual functional capacity in light of obesity and review evidence with respect to the date of the onset of her alleged disability. Accordingly, reversal and remand of the administrative agency's decision is warranted. See *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Luna v. United States Dept. of Health and Human Services,* 948 F.2d 169, 171–72 (5th Cir.1991); *Frizzell v. Sullivan,* 937 F.2d 254, 256 (5th Cir.1991). It is, therefore,

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 19] is **GRANTED** solely as to the issue of the request for remand and is **DENIED without prejudice** as to the remainder of the claims. Further, it is

**ORDERED** that the Commissioner's Motion for Remand [Doc. # 24] is **GRANTED** and this case is **REVERSED and REMANDED** to the Commissioner for supplemental review, hearing and determinations, pursuant to "sentence four" of the Social Security Act. Finally, it is

**ORDERED** that this matter is **DISMISSED** from the dockets of the Court.

A Final Judgment will be entered in accordance with this Memorandum and Order.

The Clerk of Court shall file this Memorandum and Order and provide the parties with a true copy.

## MEMORANDUM AND RECOMMENDATIONS

BOTLEY, United States Magistrate Judge.

Pending before the Court is the unopposed Motion for Remand (Entry # 24) of Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Commissioner"), brought pursuant to "sentence four" of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)(as amended). Plaintiff Theresa Washington ("Washington") filed a lawsuit seeking judicial review, reversal and remand of an administrative law judge's denial of a request for social security benefits. The Commissioner, despite filing an Answer (Entry # 16) denying Washington's claims and after Plaintiff has filed a Motion for Summary Judgment (Entry # 19), now wishes to allow the administrative law judge ("ALJ") an opportunity to reevaluate Washington's residual functional capacity. The Commissioner, therefore, wishes to convene a supplemental hearing, if remand is allowed, to obtain additional medical evidence with respect to her obesity and to reconsider the onset date of her alleged disability. Further, the ALJ agrees to allow the issuance of subpoenas to secure evidence vital to Washington's alleged claims. It is clear, therefore, that remand in accordance with sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) is appropriate in this instance, as the Commissioner concedes that the ALJ's findings do not comport with the evidence presented. See *Melkonyan v. Sullivan,* 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991); *Istre v. Apfel,* 208 F.3d 517, 520 (5th Cir.2000); *Luna v. United States Dept. of Health and Human Services,* 948 F.2d 169, 171–72 (5th Cir. 1991); *Frizzell v. Sullivan,* 937 F.2d 254, 256 (5th Cir.1991); see also *Shalala v. Schaefer,* 509 U.S. 292, 299, 113 S.Ct. 2625,

125 L.Ed.2d 239 (1993); *Freeman v. Shalala,* 2 F.3d 552, 553 (5th Cir.1993). It is, therefore,

**RECOMMENDED** that the Defendant Commissioner's unopposed Motion for Remand (Entry # 24) be **GRANTED**. Further, it is

**RECOMMENDED** that the ALJ's decision be **reversed and remanded** to the Commissioner for supplemental review, hearing and determinations consistent with that set forth in her unopposed Motion for Remand (Entry # 24). Additionally, it is

**RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Entry # 19) be **GRANTED** solely as to the issue of the request for remand and is **DENIED without prejudice** as to the remainder of the claims. Finally, it is

**RECOMMENDED** that this matter be **DISMISSED** from the dockets of this Court.

The Clerk of Court shall file this Memorandum and Recommendations and provide the parties with a true copy.