# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51112
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOMINGO ALVAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-235-2

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Domingo Alvarez, federal prisoner # 27428-180, seeks leave to proceed in forma pauperis (IFP) on appeal from various orders related to the district court's denial of his motion to reconsider its denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentence. By moving for leave to proceed IFP, Alvarez is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51112

Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

We lack jurisdiction over any challenge to the district court's "Order & Advisory" through which it notified Alvarez that it intended to construe one of the arguments he raised in the motion to reconsider as a 28 U.S.C. § 2255 claim and advised him that he could object to this determination.  This order was not a final order that "end[ed] the litigation on the merits and le[ft] nothing for the court to do but execute the judgment," *Frizzell v. Sullivan*, 937 F.2d 254, 255 (5th Cir. 1991), and it did not meet any other criteria that would render it appealable, *see* 28 U.S.C. §§ 1291, 1292; FED. R. CIV. P. 54(b); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988); *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 & n.3 (5th Cir. 1981).

To the extent that Alvarez also seeks to appeal the district court's subsequent order construing the claim as arising under § 2255 and denying it as meritless, we lack jurisdiction over that determination "for the simple reason that the[] appeal was filed *before* the order was issued." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 806 (5th Cir. 2004) (emphasis in original); *see* FED. R. APP. P. 3(c)(1)(B).  Indeed, Alvarez filed a separate notice of appeal from that decision, and it is docketed as a separate appeal.

As to the denial of the motion for reconsideration, Alvarez filed that motion more than 14 days after the district court entered its ruling on the underlying § 3582(c)(2) motion; thus, the district court lacked jurisdiction to consider it.  *See United States v. Miramontez*, 995 F.2d 56, 58 n.2 (5th Cir. 1993); *United States v. Cook*, 670 F.2d 46, 48 (5th Cir. 1982).

No. 16-51112

Finally, to the extent that Alvarez seeks to appeal the underlying denial of his motion for a sentence reduction, his untimely notice of appeal does not deprive us of jurisdiction. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007). Though he argues that he did not intend to move for a sentence reduction under § 3582(c)(2) and instead wished to raise other claims related to his sentence, nothing in his motion suggests any other basis for relief. Alvarez has not shown that the district court abused its discretion in denying the motion on the ground that he had already received the benefit of the relevant guidelines amendment. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Alvarez has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is DENIED. His appeal is DISMISSED in part for lack of jurisdiction and in part as frivolous pursuant to 5TH CIR. R. 42.2.