United States Court of Appeals,

Fifth Circuit.

No. 92–4264

Summary Calendar.

John C. BERTRAND, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D., Secretary, Department of Health and Human Services, Defendant–Appellee.

Nov. 11, 1992.

Appeal from the United States District Court for the Western District of Louisiana.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

John Bertrand appeals the district court's denial of his application for attorney's fees following remand to the defendant, the Secretary of Health and Human Services. Agreeing with the district court that Bertrand is not now a "prevailing party," we affirm.

I.

Bertrand filed a complaint seeking review of the Secretary's denial of his application for social security disability benefits. The parties filed cross-motions for summary judgment. In his report to the district court, the magistrate judge recommended that both motions be denied and that the matter be remanded to the Secretary to make a particularized determination, by use of a vocational expert or similar evidence, as to whether there were sufficient jobs existing in the national economy for which Bertrand was qualified, considering his exertional and non-exertional impairments. The court followed the recommendation and remanded.

Within thirty days of the entry of the remand, Bertrand filed his petition for attorney's fees and litigation expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The magistrate judge denied the petition without prejudice, reasoning that it was premature because it was filed before the expiration of the time allowed for filing a notice of appeal from the entry of the remand order. Several days later, the magistrate judge entered a supplemental order rejecting

Bertrand's arguments made in a reply brief received after entry of the original order of remand. On Bertrand's motion, however, the district court entered an order retaining jurisdiction over the action pending resolution of the administrative proceedings on remand.

Bertrand refiled his EAJA petition after expiration of the time for appeal on the merits. The district court determined that the request for fees should be held in abeyance pending completion of the post-remand administrative proceedings on the merits, concluding that Bertrand was not a "prevailing party" within the meaning of the EAJA. Specifically, the court reasoned that "the ruling of this court provided Plaintiff with none of the benefits which he sought, but merely remanded the matter to the Secretary for further proceedings."

Twenty days later, Bertrand filed a motion styled "motion for reconsideration" requesting relief from the denial on the basis of a newly-decided case, *Luna v. Department of Health & Human Servs.,* 948 F.2d 169 (5th Cir.1991). The district court denied the motion for reconsideration.

## II.

Since the motion for reconsideration was served more than ten days after entry of the order denying the fee application, it must be characterized as a motion under Fed.R.Civ.P. 60(b). *See Harcon Barge Co. v. D & G Boat Rentals,* 784 F.2d 665, 668–70 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986). The grant or denial of a rule 60(b) motion is reviewed for abuse of discretion. *First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1200 (5th Cir.1990).

## III.

In *Melkonyan v. Sullivan,* —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Court distinguished between two types of remand orders in social security disability cases under 42 U.S.C. § 405(g). So-called "fourth sentence" remand orders, i.e., those made pursuant to the fourth sentence of section 405(g), are those that involve entry of " 'a judgment affirming, modifying, or reversing the decision of the Secretary....' " —— U.S. at ——, 111 S.Ct. at 2163 (quoting section 405(g)). A "sixth sentence" remand, on the other hand, is one that is precipitated by new evidence that could change the outcome of the prior proceeding. *Id.*

As the instant matter does not involve new evidence, it cannot qualify as a sixth sentence remand; the district court's remand order does not contain a finding that the Secretary had new evidence and that there was good cause for failing to introduce sufficient evidence in the initial proceeding to the effect that Bertrand was able to perform alternative work. We faced a similar situation in *Luna.* There, we construed *Melkonyan* as holding "emphatically that fourth-sentence and sixth-sentence remands are "the only kinds of remands permitted under the statute.'" *Luna,* 948 F.2d at 172 (quoting *Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2164). As in *Luna,* "[i]t follows, then, from *Melkonyan,* that the remand here can only be a fourth-sentence remand...." *Id.*

IV.

In *Luna,* which involved an EAJA petition filed after the completion of post-remand proceedings, we held that the "final judgment" for purposes of activating the EAJA's thirty-day filing deadline was the district court's order of remand. *Id.* Nothing in *Luna,* however, addressed the "prevailing party" issue; this issue was not before the *Luna* panel, for, as the district court put it, the claimant "had already been awarded benefits and there was no question that he was a "prevailing party'."

Recently, in a case concerning a fourth-sentence remand followed by an EAJA fee application, we denied the application "as premature and without prejudice." *Gallien v. U.S. Secretary of Health & Human Servs.,* 948 F.2d 1285 (5th Cir.1992) (per curiam) (unpublished). The same result should obtain here. By the plain meaning of "prevailing party," Bertrand does not qualify, as he has received no award. As the district court stated, "Something is left to be done before it is known whether or not the plaintiff will receive any benefits."

Similar reasoning was employed by a sister circuit in *McGill v. Secretary of HHS,* 712 F.2d 28 (2d Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984):

> [G]enerally speaking, a social security claimant prevails when it is determined that she is entitled to benefits.... [T]he ultimate relief to which a social security claimant is normally entitled is not vindication of procedural rights but an award of benefits for a claimed disability. While it is true that a favorable ruling on plaintiff's procedural claim that the [administrative law judge] should have conducted a more thorough hearing may ultimately affect the outcome on the merits of plaintiff's disability claim, nevertheless, her procedural claim is not a matter on which plaintiff can be said to prevail for the purpose of shifting counsel fees....

The district court made no finding with respect to whether plaintiff is disabled. The additional medical records and testimony by plaintiff's lay witness on the remand, rather than establishing plaintiff's disability, may show that she is capable of performing her former work or some other occupation. If that is the case, plaintiff would have received the fee award herein for a claim where "it could not seriously be contended that the [plaintiff] had prevailed."

*Id.* at 32 (citing and quoting *Hanrahan v. Hampton,* 446 U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980) (per curiam)) (final brackets in *McGill* ). We find this reasoning persuasive.

Thus, the district court was correct, as a matter of law, in declining to entertain a fee award at this time. Even if this were not so, given the deferential review accorded a rule 60(b) order, we cannot say that the district court abused its discretion in so concluding. With this in mind, the order entered January 28, 1992, denying Bertrand's motion for reconsideration, being the only matter appealed from, is AFFIRMED.