# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

––––––––––––––

No. 99-30136

––––––––––––––

ELMO ISTRE,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

––––––––––––––––––––

Appeal from the United States District Court
for the Western District of Louisiana

––––––––––––––––––––

April 13, 2000

Before DAVIS, CYNTHIA HOLCOMB HALL,[*] and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Elmo Istre appeals an order of the district court remanding his disability-benefits claim for further consideration by the Social Security Appeals Council. Because we agree with Istre that the remand comported with neither type of remand approved by the Social Security Act, we vacate and remand to the district court for further consideration.

## I.

Istre applied for supplemental security income disability benefits. An administrative law judge ("ALJ") determined that Istre suffers from chronic obstructive lung disease and chronic lower back pain, which are severe impairments, but, relying on the testimony of a vocational expert, held that Istre is not fully

––––––––––––––

[*] Circuit Judge of the Ninth Circuit, sitting by designation.

disabled, because he is able to perform certain sedentary work functions.

Istre requested review of the ALJ's ruling by the Appeals Council and provided additional evidenceSSa psychological assessment and hospital records. The Appeals Council denied review, noting that its consideration of the new evidence did not provide a basis for altering the ALJ's determination. This rendered the ALJ's determination the final decision of the Social Security Commissioner.

Istre sued, seeking review of the Commissioner's decision. After the Commissioner answered, Istre moved for summary judgment, requesting reversal of the Commissioner's decision and the award of benefits, or remand to the agency for further consideration of the evidence he had submitted to the Appeals Council. In response, the Commissioner moved for remand, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedingsSSnamely, for the ALJ "to obtain consultative general medical and mental status examinations with pulmonary function studies and psychological testing and functional assessments." The Commissioner desired reevaluation of Istre's residual functional capacity in light of his mental impairments, which included alcoholism. Istre then opposed the motion for remand and requested reversal of the Commissioner's decision, with any remand for the sole purpose of determining the amount of benefits.

The magistrate judge recommended granting the Commissioner's motion for remand and denying Istre's summary judgment motion, because Istre had "failed to prove his entitlement to benefits by a clear preponderance of the evidence." The district court independently reviewed the record, adopted the magistrate judge's report, denied Istre's summary judgment motion, and remanded, purportedly pursuant to the fourth sentence of § 405(g), for further agency action.

II.

In this contextSSthe appeal by a complainant to the district court of a denial of benefits by the Appeals CouncilSSa district court may remand to the Appeals Council in only two circumstances:

[W]e [have] examined closely the language of § 405(g) and identified two kinds of remands under that statute: (1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence. The fourth sentence of § 405(g) authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for rehearing. . . .

The sixth sentence of § 405(g) . . . describes an entirely different kind of remand. The district court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceedings. The statute provides that following a sentence six remand, the Secretary must return to the district court to file with the court any such additional or

modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

. . .

. . . While we did not state explicitly [in our former cases] that these were the *only* kinds of remands permitted under the statute, we do so today.

*Melkonyan v. Sullivan*, 501 U.S. 89, 97-99 (1991) (internal citations and quotation marks omitted).

The Court also specified requirements for a remand under these two sentences of § 405(g) to be considered legally effective:

The parties agree that the remand order in this case was not entered pursuant to sentence four, as the District Court did not affirm, modify, or reverse the Secretary's decision. We concur. The District Court did not make any substantive ruling; it merely returned the case to the agency for disposition, noting that both parties agreed to this course.

. . .

. . . [T]he sixth sentence of § 405(g) requires a showing of "good cause" for the failure to present the additional evidence in the prior proceeding[; here] the District Court did not rule explicitly that such a showing had been made. The Secretary also notes that the District Court did not manifest any intent to retain jurisdiction, as would be the case under sentence six, but rather remanded

to the agency "for all further proceedings."

*Id.* at 98-99 (internal citations and some quotation marks omitted). Hence, certain requisites must be met if a remand is to fit under sentence four or sentence six, and the Supreme Court has explained firmly that, if the remand does not fit into either category, it is not proper. *See also Richard v. Sullivan*, 955 F.2d 354 (5th Cir. 1992) (following *Melkonyan*).

Accordingly, we must decide whether the district court's remand fits within sentence four or six. The record illustrates that it does not fit within sentence six. The Commissioner explicitly asked for a determination under sentence four, and the magistrate judge and district judge explicitly granted remand under that sentence. The orders contained no explicit findings that good cause existed to consider new evidence or that the court retained jurisdiction. The remand did not therefore occur properly under sentence six.

Attention then turns to sentence four. In *Melkonyan*, the district court had issued an order stating, in its entirety, that "[d]efendant's motion to remand, concurred in by plaintiff, is granted. The matter is remanded to the Secretary for all further proceedings." 501 U.S. at 92. The Court found that this order did not satisfy the requirements of sentence four, because "the District Court did not make any substantive ruling; it merely returned the case to the agency for disposition." *Id.* at 98.

The instant case presents a factually indistinguishable situation. The district court ordered that "[f]or the reasons stated in the Report and Recommendation of the Magistrate Judge . . . It is [ordered] that . . .

3

the Commissioner's Motion for Remand be [granted] and this matter be [remanded]." The magistrate judge's report explained that "the Commissioner wants a remand for the purposes of further developing the record and to properly evaluate Plaintiff's alcoholism in the full context of his health status." The magistrate judge suggested, and the district judge provided, no substantive ruling, whether "affirming, modifying or reversing" the ALJ's order; the court merely remanded for further consideration. This does not satisfy the requirements of sentence four.

For the proposition that a sentence-four remand was appropriate under these circumstances, the Commissioner cites *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993), in which the Court did hold the district court to have issued a proper sentence-four remand. The remand order issued by the district court therein, however, explicitly *reversed* the previous decision of the Secretary. That reversal placed the remand squarely within the dictates of sentence four; it is lacking here.

### III.

The Commissioner, to the contrary, argues that certain precedent of this circuit leads to the conclusion that a valid sentence-four remand has occurred here. We disagree.

The line of authority to which the Commissioner refers begins with *Frizzell v. Sullivan*, 937 F.2d 254 (5th Cir. 1991), which issued a few months after *Melkonyan* without speaking to it. In *Frizzell*, we held that a district court's order to "remand Frizzell's case to the Secretary a second time for further development of the record concerning Frizzell's ability to do past relevant work" was a final order, because orders under sentence four are always final, and because the order

had the effect of "dismiss[ing] Frizzell's claim for lack of jurisdiction." *Id.* at 255-57.

Next came *Luna v. Department of Health & Human Servs.*, 948 F.2d 169 (5th Cir. 1991), and *Bertrand v. Sullivan*, 976 F.2d 977 (5th Cir. 1992). In these two cases, this court held that orders remanding to the Secretary for further consideration were final sentence-four remands, either because the parties said they were or because they did not fit within the confines of a sentence-six remand.[1]

*Frizzell*, *Luna* and *Bertrand* are distinguishable from the instant matter in that there, the issue whether the remand was a proper sentence-four remand was not before the court; in each case, the court merely assumed a proper sentence-four remand.[2] Any attempt to infer from these cases an understanding that sentence four provides a "catch-all" provision for district court remands would be error. Where, as here, the question

---

[1] *See Luna*, 948 F.2d at 170-71 (explaining that "[t]he Secretary *claims* that the instant case involves a fourth-sentence remand," and then analyzing it as one) (emphasis added); *Bertrand*, 976 F.2d at 979 (explaining that the remand did not fulfill the requirements of a sentence-six remand, noting that *Melkonyan* allowed only for sentence-four and sentence-six remands, and then holding that "it follows, then, from *Melkonyan*, that the remand here can only be a fourth-sentence remand" (without considering the possibility that the remand failed the tests of both sentences)).

[2] *See Frizzell*, 927 F.2d at 257 (explaining that "Frizzell concedes this case involves a sentence four remand"); *Luna*, 948 F.2d at 170 (same); *Bertrand,* 976 F.2d at 979 (illustrating that the question was what type of proper remand was before the court, not whether there was a proper remand at all).

4

is whether *any* proper remand has occurred, these authorities do not require us to say that a proper remand has occurred.

Because the Social Security Act permits remands from the district court to the Appeals Council in only two instances, and because the remand in this case comports with neither, we VACATE the remand order of the district court and REMAND this case to the district court for further proceedings.