**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 25 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARLENE M. HUFF,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No.  99-7134
(D.C. No. CIV-99-179-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

Plaintiff appeals an order of the district court remanding her disability

benefits claim to the Commissioner of the Social Security Administration for

further administrative proceedings.  Plaintiff contends that the district court

should have reversed the denial of benefits and remanded for an outright award

of benefits, instead.  Because we conclude that the remand did not comply with

any of the types of remand permitted by the Social Security Act, we must vacate

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the district court's order and remand this matter to the district court for further action. [1]

This case is governed by 42 U.S.C. § 405(g), which provides for judicial review of final decisions of the Commissioner in social security cases. Section 405(g) specifies what actions the district court may take on review, and gives the district court only limited authority to remand a case to the agency. *See Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). The district court may remand only in "three carefully delineated circumstances:"

> The court may remand the case after passing on its merits and issuing a judgment affirming, reversing, or modifying the [Commissioner's] decision, a "sentence four" remand. [2] Alternatively, the court may remand the case without ruling on the merits if (a) the [Commissioner] requests remand, for good cause, prior to filing [his] answer; or (b) new and material evidence comes to light, and there is good cause for failing to incorporate such evidence in the earlier proceeding. These are "sentence six" remands. [3]

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]     This refers to the fourth sentence of § 405(g), which provides: "The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."

[3]     This refers to the sixth sentence of § 405(g), which provides: "The court may, on motion of the [Commissioner] made for good cause shown before he files his answer, remand the case to the [Commissioner] for further action by the

(continued...)

*Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994) (citations omitted).

When a district court remands an action under sentence four, the remand is part of a final judgment that disposes of the action and is, therefore, immediately appealable. *See Forney v. Apfel*, 524 U.S. 266, 269-70 (1998) (immediately appealable by claimant); *Sullivan v. Finkelstein*, 496 U.S. 617, 628 (1990) (immediately appealable by Commissioner). The claimant can appeal a sentence four remand even if he himself asked for the remand as an alternative basis of relief. *See Forney*, 524 U.S. at 271. A remand under sentence six, however, is considered interlocutory and non-appealable because the district court retains jurisdiction over the action during the pendency of the additional administrative proceedings. *See Raitport v. Callahan*, 183 F.3d 101, 104 (2d Cir. 1999). The parties must return to the district court at the conclusion of the administrative proceedings to obtain a final judgment. *See* 42 U.S.C. § 405(g); *Melkonyan*, 501 U.S. at 102.

In the present case, plaintiff asked the district court to reverse the Commissioner's decision and order that she be awarded benefits. As an alternative, plaintiff asked that the court at least remand the action under sentence

[3](...continued)
[Commissioner], and it may at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

six for the Commissioner to consider certain new and material evidence. After filing his answer, the Commissioner requested that the court remand the case under sentence four for further administrative proceedings. Without acknowledging any error in the earlier administrative decision, the Commissioner asked that the case be remanded for the ALJ "to update the medical record with a current orthopedic consultative examination, and to address the medical opinions contained in exhibits B19 and B27. The ALJ will also reevaluate the Plaintiff's residual functional capacity (RFC). Additionally, Plaintiff should be given the opportunity to submit further evidence and appear at a supplemental hearing." Appellant's App. at 530. Plaintiff objected to the Commissioner's motion for remand, arguing that the existing administrative record established her disability, but again stated that, if the district court would not grant her an outright award of benefits, it should at least remand the action to the Commissioner.

Thereafter, the district court entered the following order purporting to remand the action under sentence four:

Before the court for its consideration is the Commissioner's motion to remand for further administrative proceedings. Having reviewed the motion and the record in this case, the court finds that the Commissioner's motion should be granted and this action should be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The Commissioner's motion to remand is granted.

Appellant's App. at 535. The district court also entered judgment for plaintiff on a separate document in accordance with Fed. R. Civ. P. 58.

While it is clear that the district court intended to enter a final judgment and remand in accordance with sentence four, the court did not comply with the statutory requirements of sentence four. The court made no substantive ruling on the correctness of the Commissioner's decision, which is a necessary prerequisite to a sentence four remand. *See Melkonyan*, 501 U.S. at 98-101; *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996) ("To remand under . . . sentence four, the district court must either find that the decision is not supported by substantial evidence, or that the Commissioner (or the ALJ) incorrectly applied the law relevant to the disability claim."). Because the district court's order contained no substantive ruling on the merits of the Commissioner's decision, but merely remanded the action to the agency for further proceedings, it was not

a proper sentence four remand. *See Melkonyan*, 501 U.S. at 98; *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000).

Nor can the order be construed as a sentence six remand. The first part of sentence six authorizes a remand only if the Commissioner moves for one before filing his answer and shows good cause. That did not happen here. The second part of sentence six authorizes a remand only upon a showing that there is new and material evidence and that there is good cause for the party's failure to present the evidence in the earlier administrative proceedings. Although plaintiff argued that she made the required showing for this type of remand, the district court's order did not contain any findings on these requirements and none can be inferred from the court's grant of the Commissioner's motion for a sentence four remand. Further, it is clear from the district court's order and judgment that it did not intend to retain jurisdiction over the action during the pendency of the administrative proceedings. Therefore, the remand was not proper under sentence six. *See Istre*, 208 F.3d at 520.

Because the Social Security Act authorizes a remand only under the specific circumstances delineated in sentence four and sentence six of § 405(g), the district court exceeded its authority when it entered the order at issue here.

Therefore, we VACATE the district court's order and judgment and REMAND the action to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Monroe G. McKay
Circuit Judge