**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-11308**

_____

**Robert C. Ballew,**

**Plaintiff-Appellant,**

**versus**

**United States Department of Justice and**
**United States Coast Guard,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**Civil Docket #4:99-CV-406-Y**

_____

December 15, 2000

Before JOLLY, JONES, and SMITH, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Robert C. Ballew ("Ballew") appeals from the district

court's grant of a motion to dismiss for failure to state a claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on his Federal Rule of Civil Procedure 60(b) independent equitable action for relief from a final judgment. Because Ballew did not plead the sort of "grave miscarriage of justice" required to sustain a Rule 60(b) independent equitable action for relief from a final judgment, we now affirm the district court's dismissal of his claim.

In 1988 Ballew filed a *qui tam* lawsuit under the Federal False Claims Act against his then-employer, Aerospatiale Helicopter Corporation ("AHC") and the Textron Lycoming Division of AVCO Corporation ("AVCO"). These two defense contractors were engaged in the production and maintenance of the HH65-A "Dolphin" helicopter for the Coast Guard. Ballew's *qui tam* action revealed that the engines made by AVCO for use in the AHC-manufactured helicopter were defective. As relator of an action brought on behalf of the government, Ballew was entitled to receive a share of any recovery obtained by the government. The Department of Justice ultimately intervened in Ballew's *qui tam* action and settled the case on July 10, 1990.

As part of the settlement, the Government agreed to give Ballew, in his capacity as relator, a 15% share of the cash recovery, or a total payment of $2,685,861.90. In return for this large cash payment, Ballew consented to the dismissal of his *qui tam* lawsuit against AVCO and AHC. The district court approved the proposed settlement, stating that "the Settlement Agreement between

2

the Parties provides fair, adequate and reasonable resolution of this case under all the circumstances."

Ballew received his nearly $2.7 million payment shortly after the July 10, 1990 settlement was reached, and the matter was considered closed. However in June 1999, nearly nine years later, Ballew returned to federal court, asserting that he received a sum far below that to which he was entitled.

In the instant case, Ballew asserts that the Government fraudulently concealed critical elements of the settlement agreement with AVCO and AHC, disguising the fact that the Government actually received some $327,940,130 in valuable consideration. Ballew therefore contends that he is entitled to 15% of $327,940,130, rather than the 15% of $17.9 million that he actually received.

Ballew arrived at this much larger settlement figure based on several documents he obtained via the Freedom of Information Act between 1996 and 1998. Ballew claims that the *qui tam* settlement to which he agreed in 1990 failed to give him his 15% cut of (1) the new engine maintenance ("Power by the Hour") contract entered into between AVCO and the Government as part of the settlement and (2) the settlement of certain administrative claims between the Coast Guard and AHC, which settled several weeks after his own underlying *qui tam* action.

3

The district court granted the Government's motion to dismiss Ballew's Rule 60(b) independent action for failure to state a claim. The district court ruled that Ballew had failed to plead the sort of "grave miscarriage of justice" required to sustain an independent equitable action under the "Savings Clause" of Rule 60(b) and that any motion allowed under Rule 60(b) was untimely. Ballew now appeals the dismissal of his Rule 60(b) claim.

This Court's review of the district court's grant of the Government's motion to dismiss for failure to state a claim is *de novo*. Holt Civic Club v. City of Tuscaloosa, 439 U.S. 60, 66 (1978); Fontana v. Barham, 707 F.2d 221, 227 (5th Cir. 1983). The Government has argued that we should review the district court's decision in this case for abuse of discretion. The Government's argument is premised on the rule that dismissal of Rule 60(b) motions seeking relief from final judgment is subject only to abuse of discretion review. The Government's argument is correct as far as it goes: Rule 60(b)(1)-(6) motions are directed to the sound discretion of the district court. See e.g. Behringer v. Johnson, 75 F.3d 189, 190 (5th Cir. 1996), cert. denied 516 U.S. 1182 (1996); Bertrand v. Sullivan, 976 F.2d 977, 980 (5th Cir. 1992). However, the instant action does not concern a Rule 60(b) motion but rather an independent action pursuant to the "Saving Clause" of Rule 60(b). See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Proceedure § 2868 (2d ed. 1986). An action pursuant

4

to the "Saving Clause" is a free-standing claim in equity, not a mere motion, and is thus subject to *de novo* review on appeal when dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The "Saving Clause" reads in relevant part that "[t]his rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment [or] order." Fed. R. Civ. Pro. 60(b). This independent action sounds in equity and is subject to the standard equitable defenses, including laches.

The Supreme Court has recently underscored the special nature of the Rule 60(b) independent equitable action as a means of relief from a judgment, concluding that the remedy is available only where there has been "grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 46, 118 S.Ct. 1862, 1868 (1998). The Supreme Court emphasized that the level of fraud or misconduct necessary to sustain an independent action under the "Saving Clause" of Rule 60(b) must be several notches of severity above that required for a 60(b)(3) motion:

> If relief may be obtained through an independent action in a case such as this, where the most that may be charged against the government is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, the strict 1-year time limit on such motions would be set at naught. Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustices which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of res judicata.

5

*Beggerly*, 524 U.S. at 46, 118 S.Ct. at 1867 (quoting Hazel-Atlas Glass Co. v. Hartford- Empire Co., 322 U.S. 238, 244, 64 S.Ct 997, 1000 (1944)).[1] Thus, the bar has been set high for Ballew's Rule 60(b) independent action: it must work a "grave miscarriage of justice" to allow the settlement in the original *qui tam* action to stand.

In his attempt show the requisite "grave miscarriage of justice" Ballew focuses on the failure of the government to give him a share, in his capacity as relator, of the estimated value of the later-settled "Power by the Hour" maintenance contract or of the resolution of the administrative claims between AHC and the Coast Guard. Ballew's brief implies that this exclusion was motivated by malice, misrepresentations and fraudulent concealment on the part of the Department of Justice and/or the Coast Guard; but the *qui tam* award that he did receive was, at the time, the largest-ever. It is also undisputed that he was aware of the government's negotiations over the Power by the Hour contract at the time of the settlement, and he was vigorously represented by counsel during settlement negotiations. Put together, these

---

[1] As Beggerly suggests, Rule 60(b)(3) would be directly applicable to Ballew's alleged situation, permitting relief "from a final judgment . . . [because of] fraud . . . misrepresentation, or other misconduct of an adverse party," but by waiting over nine years to assert that the Government committed fraud in entering into the underlying *qui tam* settlement, Ballew lost the option of bringing a 60(b)(3) motion. Similarly, to the extent Ballew's allegations might have supported relief based on Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect"), or Rule 60(b)(2) (newly discovered evidence), they are also time-barred.

6

circumstances do not rise to the level of a grave miscarriage of justice even if the government was not fully forthcoming to Ballew.

Ballew also attempts to satisfy the grave miscarriage of justice standard by claiming that he is the victim of fraud by the Government, which allegedly made misrepresentations and withheld information during the settlement negotiations in 1990.  Accepting these allegations as true, Ballew has still not made out a claim there has been the sort grave miscarriage of justice contemplated by the Supreme Court.  Even prior to Beggerly it was established that "fraud cognizable to maintain an untimely independent attack upon a valid and final judgment has long been regarded as requiring more than common law fraud."  Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 48 (1st Cir. 1995).  Beggerly itself held that the failure of the Government to "thoroughly search its records and make full disclosure to the Court" was insufficient to sustain a Rule 60(b) independent action.  Beggerly, 524 U.S. at 47, 118 S.Ct. 1868.

Ballew's only other argument that there has been a grave injustice is bound up with his assertion that "fraud on the court" was committed by the Government.  Fraud on the court, if established, constitutes a grave miscarriage of justice and may serve as the foundation of a Rule 60(b) independent action.  Rozier v. Ford Motor Company, 573 F.2d 1332, 1338 (5th Cir. 1978).  But the standard for fraud on the court is demanding: "Generally speaking, only the most egregious misconduct, such as bribery of a

7

judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Id. at 1338 (citing to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997 (1944)). Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court. Id. at 1338 (citing to Kupferman v. Consolidated Research & Mfg. Co., 459 F.2d 1072 (2nd Cir. 1972)). Where the wrong is only between the parties and there has been no direct assault on the integrity of the judicial process itself, the federal courts have refused to invoke the doctrine of fraud on the court. See 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2870 at 416 (2d. ed. 1987). Stated another way, fraud on the court requires a "scheme by which the integrity of the judicial process has been fraudulently subverted by a deliberately planned scheme in a manner involving 'far more than an injury to a single litigant.'" Addington v. Farmer's Elevator Mutual Insurance, 650 F.2d 663, 668 (5th Cir. 1981) (quoting Hazel-Atlas Glass, 322 U.S. 238, 245-46, 64 S.Ct. 997, 1002 (1944)).

Ballew asserts that the fraud on the court in the instant case occurred when "the DOJ attorneys conspired with the USCG (and the defendants in the underlying *Qui Tam*) to mislead the court as to the true nature, extent and value of the underlying *Qui Tam* settlement proceeds." Taking all of these assertions as true,

8

Ballew has only established that the Government committed fraud against him *as an individual*. Ballew has shown injury to himself in his capacity as a "single litigant" but this alone is not sufficient to constitute fraud on the court. Ballew has failed to allege an attack on the integrity of the judicial process itself. By failing to plead fraud on the court, Ballew has thereby failed to assert that a grave miscarriage of justice exists.

Ballew has failed to plead any grave miscarriage of justice. In the absence of a grave miscarriage of justice, a Rule 60(b) independent action can not be sustained. The district court's dismissal of Ballew's action for failure to state a claim is therefore **AFFIRMED**.