United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

──────────────

No. 02-20499

(Summary Calendar)

──────────────

ROBERT J. DZIUK, JR.,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL
SECURITY,

Defendant-Appellee.

────────────────────────────

Appeal from the United States District Court
For the Southern District of Texas
USDC No. H-00-CV-2105

────────────────────────────

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

　　Robert J. Dziuk, Jr., appeals the denial of his application for social security disability benefits.

─────────────────

　　[*]　　Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Dziuk was injured in 1991 when he fell off a ladder at work. When Dziuk applied for disability benefits, an Administrative Law Judge ("ALJ") determined that he was entitled to receive benefits for several years. However, the ALJ also determined that, beginning in February 1995, Dziuk was no longer "disabled" under the Social Security Act and thus was not entitled to benefits. When Dziuk filed an additional application for disability benefits in 1997, a different ALJ denied the application, agreeing with the previous determination that Dziuk was no longer disabled.

Dziuk has appealed that second denial of benefits. We have a limited authority to review the denial of a claim for social security benefits. We can review the ALJ's decision only to determine: (1) whether the decision is supported by substantial evidence;[1] and (2) whether the ALJ's decision comports with the applicable legal standards. *Watson*, 288 F.3d at 215.

Dziuk claims that the ALJ's decision that Dziuk is no longer disabled is not supported by substantial evidence. First, Dziuk contends that the Commissioner could not rely on the testimony of a vocational expert who had never interviewed Dziuk. Dziuk's assertion lacks merit. This Court has held that the ALJ can rely on the testimony of a vocational expert who did not personally interview the claimant. *Gold v. Weinberger*, 473 F.2d 1376, 1379 (5th Cir. 1973). Second, Dziuk argues that the ALJ failed to take into account the fact that Dziuk has difficulty driving. However, the ALJ explicitly found that Dziuk was unable to engage in commercial driving. Dziuk fails to explain how his driving limitations might otherwise impair his ability to work.

Dziuk also appears to argue that the ALJ's decision did not comport with the applicable legal standards. Dziuk suggests that the ALJ erred by failing to follow the treating physician rule. *See*

---

[1] We have stated that "[s]ubstantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002).

*Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) ("[O]rdinarily the opinions . . . of a treating physician . . . should be accorded considerable weight in determining disability.") (internal quotation marks omitted). Dziuk observes that the ALJ mischaracterized part of the medical evidence presented by Dziuk's treating physician (Dr. Esses). The ALJ stated that Dr. Esses found that a certain joint in Dziuk's back was fused. In fact, the physician found that the joint was *not* fused.

Dziuk correctly observes that the ALJ made an error. Dziuk does not, however, explain how this error undermines the ALJ's conclusions. Dziuk has not demonstrated that the ALJ would have found Dziuk to be disabled if the ALJ had properly understood Dr. Esses's statement. Thus, Dziuk has not shown that he was prejudiced by the ALJ's error. *Cf. Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000) (observing that, although an ALJ is wrong to reject the opinion of a claimant's treating physician without first requesting additional information from the physician, "[r]eversal [of the ALJ's decision] . . . is appropriate only if the [claimant] shows prejudice[.]").[2]

Dziuk also claims that, because new evidence has become available in his case, we should order the district court to remand his case pursuant to sentence six of 42 U.S.C. § 405(g). We have stated that "[w]hen new evidence becomes available after the [ALJ's] decision and there is a reasonable probability that the new evidence would change the outcome of the decision, a remand is appropriate so that this new evidence can be considered." *Ripley v. Chater*, 67 F.3d 552, 555 (5th

---

[2] Dziuk also suggests that the ALJ did not adequately take into account statements by Dr. Esses that Dziuk was disabled. As the ALJ recognized, when Dziuk was applying for worker's compensation benefits, Dr. Esses indicated that Dziuk was "disabled." However, the ALJ need not give controlling weight to a treating physician's general conclusion that a claimant is disabled. *See* 20 C.F.R. § 404.1527(e)(1) ("A statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the ALJ] will determine that [the claimant is] disabled."). The fact that Dr. Esses (in another context) declared that Dziuk was "disabled" does not mean that Dziuk had a "disability" that would allow him to receive social security benefits.

Cir. 1995). This Court will remand the case pursuant to sentence six only if the claimant can show that the evidence is "new" and "material," and the claimant can demonstrate "good cause" for his failure to produce the evidence at the original proceeding. *Id.* Dziuk claims that two surgeries (one in 1995, the other in 1999) constitute new and material evidence justifying a remand. However, this evidence does not meet the requirements of a sentence six remand. The 1995 surgery is not new evidence; the ALJ considered it in his decision. The 1999 surgery, even if new, is not "material" evidence. We consider evidence to be "material" only if "there is a reasonable probability that this new evidence would change the outcome of the [ALJ's] decision." *Id.* Dziuk does not even attempt to demonstrate that the ALJ would have arrived at a different conclusion if the ALJ had known about this surgery. Because Dziuk fails to satisfy the requirements of a sentence six remand, we decline to remand on this ground.

Finally, Dziuk suggests that the ALJ did not give Dziuk a "fair and impartial hearing." Brief of Appellant at 7. Dziuk appears to argue that the ALJ was biased against him. Dziuk states that, at his benefits hearing, the ALJ was "sarcastic" and that, as a result, Dziuk felt "the case was determined before the hearing ever took place." *Id.* at 14. Dziuk does not, however, offer any evidence to support his claim of bias. As a result, we need not interfere with the ALJ's decision on this ground.

Dziuk has failed to point to any major error in the ALJ's decision. However, the appellee, the Commissioner of the Social Security Administration ("Commissioner"), has identified a significant error in the ALJ's decision. We can consider the issue raised by the Commissioner. *See United States v. Gonzalez*, 661 F.2d 488, 493 (5th Cir. Unit B Nov. 1981) (noting that, although the criminal defendant did not raise an evidentiary issue in his initial brief, the court could consider the issue

because it was mentioned in the government's brief).

The Commissioner observes that the ALJ's decision to deny benefits was based largely on the testimony of a vocational expert. At the hearing on Dziuk's application for benefits, the ALJ asked the vocational expert what jobs a hypothetical individual with Dziuk's limitations might be able to perform. In the hypothetical posed to the vocational expert, the ALJ included most of Dziuk's limitations, but failed to mention two constraints: (1) Dziuk's need to work in a low stress environment; and (2) his need to do work that involved only simple instructions.

We have made clear that when an ALJ poses an incomplete hypothetical to a vocational expert, the ALJ cannot rely on the expert's opinions to find that a claimant is not disabled. *Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001) ("'Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, . . . a determination of non-disability based on such a defective question cannot stand.'") (quoting *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994)).

We agree with the Commissioner that, because the vocational expert's testimony was based on incomplete information, the ALJ could not rely on that testimony to determine that Dziuk was not disabled. Thus, the ALJ's ultimate decision that Dziuk was not disabled is not supported by substantial evidence. As a result, we vacate in part the district court's judgment affirming the denial of benefits. The district court should remand this case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to correct the deficiency in the hypothetical.[3]

---

[3] Dziuk requests that we remand the case pursuant to sentence six of 42 U.S.C. § 405(g). However, a remand pursuant to sentence six is appropriate only when a claimant has presented new and material evidence, and the claimant can demonstrate good cause for not previously offering the evidence. *See Istre v. Apfel*, 208 F.3d 517, 519-20 (5th Cir. 2000). The ALJ's error in posing the hypothetical question does not involve new and material evidence. Therefore, a remand pursuant to

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

---

sentence six would be inappropriate in this case.  We can remand only pursuant to sentence four.