United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 17, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

m 04-20107

KATHERINE E. HAMMOND,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART,
COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
m H-02-CV-4171

On Petition for Rehearing

Before DAVIS, SMITH, and DEMOSS,
  Circuit Judges.

PER CURIAM:

IT IS ORDERED that the petition for re-hearing is DENIED. We do, however, elect to comment on two points raised in the petition.

In her petition for rehearing, Hammond argues that *Istre v. Apfel*, 208 F.3d 517 (5th Cir. 2000), stands for the proposition that the good cause requirement applies only to cases brought under sentence (6) of § 405(g), in which new evidence is presented for the first time in the district court. Although that happens to be the procedural posture of this case, we do not read the important holding of the opinion in that way. Instead, *Istre* holds that there are no permissible bases for remand

other than under sentences (4) and (6) of § 405(g). The district court did not remand here, so *Istre* is inapplicable. In other words, *Istre* concerned the circumstances under which a case *may* be remanded, not the circumstances under which it *must* be remanded.

Also in her petition for rehearing, Hammond argues that "new evidence submitted to the Appeals Council justifies reversal." Hammond indeed introduces evidence that would have been material, *had the date of the hearing been later*. We, however, cannot deem evidence material insofar as it details the alleged worsening of a claimant's condition after the date of the hearing. This is not to say that we cannot consider *any* evidence post-dating a hearing, but that medical evidence must shed light on the severity of a claimant's medical condition *before* the hearing.