United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-30924
Summary Calendar
_____

JACQUELINE METOYER,

                                        Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:02-CV-01466-FAL
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jacqueline Metoyer appeals the district court's remand to

the Social Security Administration Commissioner for

reconsideration of issues of her residual functional capacity and

ability to return to her previous line of employment after the

Commissioner's denial of eligibility for Supplemental Security

Income (SSI) benefits.  First, we note that we have jurisdiction

over this appeal despite the fact that the district court did not

enter a separate judgment.  See FED. R. APP. P. 4(a)(7).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Citing Istre v. Apfel, 208 F.3d 517, 519 (5th Cir. 2000), Metoyer argues that the district court's remand order is not a proper remand under sentence four of 42 U.S.C. § 405(g). This case is distinguishable from Istre. Here, the district court provided two substantive rulings on the ALJ's decision: determining that a later administrative law judge (ALJ) erred in not considering the evidence on which the prior ALJ had based his decision and that the later ALJ properly had discounted a vocational expert's testimony. Thus, the district court's remand is proper under sentence four of 42 U.S.C. § 405(g). Cf. Istre, 208 F.3d at 520.

Metoyer also argues that, because the Commissioner did not appeal the ALJ's May 1999 denial of SSI benefits, that decision, which made a step-four decision that she could not return to any of her past relevant work, is final. Therefore, she argues that the district court's decision should be reversed and remanded to the Commissioner for a step-five determination of whether any alternate jobs exist in the national economy in which Metoyer might realistically perform. Because the district court correctly found that the Commissioner had not reweighed the facts upon which the prior determination was based, the district court's determination that remand is necessary is correct, and Metoyer's argument that reversal is mandated fails.

Metoyer also asserts that the vocational and disability reports show that she was an advertising supplement inserter only

on a part-time basis.  Thus, she argues that the ALJ's conclusion that she could return to her past work as an advertising supplement inserter is not supported by substantial evidence and violates Social Security Ruling 96-8p.  Metoyer's argument is another challenge to the ALJ's step-four determination, which the district court has remanded for reconsideration of Metoyer's residual functional capacity and ability to return to past employment.  In light of the fact that the ALJ's step-four determination has been vacated by the district court's order, her argument to this court about the incorrectness of the ALJ's step-four determination is moot.  The district court's judgment is AFFIRMED.