United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-51066
Summary Calendar

_____

ROBIN D HOSEA,

Plaintiff-Appellant,

versus

LINDA S. MCMAHON, Acting COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Texas
No. 1:05-CV-676

---

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:*

Robin Hosea appeals the district court's remand of her
case to the Commissioner of the Social Security Administration for
further proceedings.  Hosea argues that the district court lacked
the authority to remand the case to the Commissioner because the
court had a duty to determine whether substantial evidence
supported the Appeals Council's decision.  We disagree and,
essentially for the reasons well stated in the lower court's
decisions, AFFIRM.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

The fourth sentence of 42 U.S.C. § 405(g) grants district courts the power to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Contrary to Hosea's misreading of § 405(g), sentence four authorizes a district court to remand a case for further proceedings. See Shalala v. Schaefer, 509 U.S. 292, 296-97, 113 S. Ct. 2625, 2629 (1993); Istre v. Apfel, 208 F.3d 517, 519 (5th Cir. 2000). Hosea does not contend that the district court's decision was not a substantive ruling. See Istre, 208 F.3d at 520. Accordingly, the court's reverse with remand order relieved it of any duty to review the record for substantial evidence. See § 405(g).

Moreover, the district court's decision to remand the case to the Commissioner was not an abuse of discretion.[1] Concluding that it was unable to review the Appeals Council's decision because the Council failed to explain the evidence upon which it relied to determine that Hosea's medical condition had improved on March 31, 2003, the district court acted within its discretion to allow the Appeals Council to clarify its decision. See Sullivan v. Finkelstein, 496 U.S. 617, 624-26, 110 S. Ct. 2658,

---

[1] Although our published cases have not clearly established the appropriate standard, our unpublished cases have reviewed § 405(g) sentence four remands for abuse of discretion. See Bordelon v. Barnhart, 161 F.App'x 348, 352 n.12 (5th Cir. 2005) (unpublished); Thomas v. Barnhart, 31 F.App'x 838 (5th Cir. 2002) (unpublished); Davis v. Apfel, 234 F.3d 706 (5th Cir. 2000) (table).

2663-64 (1990). Finding no abuse of discretion in the district court's order, we **AFFIRM**.